**Robert H. SCHULTZ, Jr., Plaintiff,**

v.

**CARNATION COMPANY, INSTANT DIVISION, a Foreign Corporation, et al., Defendants.**

No. 87–C–18.

United States District Court, E.D. Wisconsin.

Jan. 6, 1988.

Carlton Roffa, Couture & Roffa, Hales Corners, Wis., for plaintiff.

Stanley S. Jaspan, Lawrence T. Lynch, Foley & Lardner, Scott D. Soldon, Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

In December 1986, the plaintiff, Robert H. Schultz, commenced this action in Waukesha County Circuit Court. Mr. Schultz alleges that his former employer, the Carnation Company, Instant Division [Carnation] and his local union caused the "wrongful and involuntary termination" of his employment as a machine operator. Mr. Schultz is seeking compensatory and punitive damages for breach of contract and fiduciary duties.

Claiming that the plaintiff's complaint actually states a federal cause of action, the defendants removed this matter to this court pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441. Currently before me are the defendants' motions for summary judgment and motions for sanctions under Rule 11, Federal Rules of Civil Procedure. The defendants' motions for summary judgment will be granted, but their motions for sanctions will be denied.

## BACKGROUND

Beginning in October 1983, amounts were withheld from the plaintiff's wages at Carnation to cover taxes due to the Internal Revenue Service and Wisconsin Department of Revenue. Mr. Schultz requested that his union initiate grievance proceedings to challenge the wage withholding. The union investigated Mr. Schultz's request, and on July 12, 1984, the union determined that the withholding did not constitute a violation of the collective bargaining agreement. The union did not, therefore, process the plaintiff's grievance.

Although Carnation warned Mr. Schultz that he could be discharged if he failed to satisfy his debts, Mr. Schultz's tax obli-

gations continued to accrue, and his employer continued to receive federal and state wage withholding orders. On October 15, 1984, shortly after Carnation received its third notice from the IRS regarding Mr. Schultz's delinquencies, Mr. Schultz was notified that his employment with Carnation was terminated.

The next day Mr. Schultz requested that his local initiate grievance proceedings to protest his discharge; the local submitted the grievance to the company. Carnation remained steadfast in its termination decision, and the union forwarded the plaintiff's grievance to the joint area committee. The committee met on December 6, 1984, and determined that Carnation's discharge action was permitted under the governing collective bargaining agreement. Nearly one year later, Mr. Schultz commenced this case in state court.

## ANALYSIS

In ruling on the current motions, I note first that the plaintiff's counsel, Carlton Roffa, has failed to file any answering papers within the time required by Rule 6.01 of the Rules of the Eastern District of Wisconsin. Although my clerk mailed Mr. Roffa a reminder letter on December 11, 1987, to date no answering papers have been filed. On December 21, 1987, Mr. Roffa belatedly contacted my chambers by telephone to inquire about filing a short brief. In my opinion, Mr. Roffa's opportunities for response have expired. I must resolve the outstanding applications based on the current briefing.

I must, however, address the threshold question of jurisdiction before addressing the merits of the defendants' summary judgment applications. *See Lingle v. Norge Div. of Magic Chef,* 823 F.2d 1031, 1037 (7th Cir.), *cert. granted,* — U.S. —, 108 S.Ct. 226, 98 L.Ed.2d 185 (1987). Despite the apparent absence in Mr. Schultz's complaint of allegations giving rise to either federal question or diversity jurisdiction, I believe that this suit is properly before this federal court.

The court of appeals for the seventh circuit has "consistently held that claims of retaliatory discharge brought by a worker who is covered by a collective bargaining agreement are actually claims for wrongful discharge under the collective bargaining agreement. Therefore, these claims arise under federal law, and removal is proper." *Id.* at 1041. Mr. Schultz cannot avoid the implications of federal law simply by avoiding reference to the relevant federal statutes. I am convinced that federal labor law underlies this action. Thus, federal law is controlling, and the suit was properly removed.

Having determined that this court does, in fact, have jurisdiction to resolve the matters raised, I must determine whether, as the defendants contend, Mr. Schultz's common law claims sounding in contract and tort are in fact preempted by section 301 of the Labor–Management Relations Act of 1947, 29 U.S.C. § 185. Under this federal provision, an employee may bring an action charging an employer with violating its collective bargaining agreement and charging a union with violation of its duty of fair representation by mishandling the consequent grievance. *See Vaca v. Sipes,* 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967). State law is preempted by section 301 where the plaintiff's right to recovery is substantially dependent upon an analysis of a collective bargaining agreement. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *see also International Brotherhood of Elec. Workers v. Hechler,* — U.S. —, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

In this case, allegations set forth in the plaintiff's complaint, itself, indicate that the collective bargaining agreement is the basis for all claimed violations of contractual and fiduciary duties. Accordingly, the collective bargaining agreement controls the determination of this litigation. Thus, I agree with the defendants that the plaintiff's claims are preempted by federal law and constitute a hybrid § 301/breach of fair representation claim.

Having identified this matter, it follows that the applicable statute of limitations is six months. *See Del Costello v. Interna-*

*tional Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The six-month period begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered," the acts constituting the alleged violations. *Sosbe v. Delco Electronics,* 830 F.2d 83, 87 (7th Cir.1987). *See also Steffens v. Brotherhood of Ry.,* 797 F.2d 442 (7th Cir.1986); *Dozier v. Trans World Airlines,* 760 F.2d 849 (7th Cir.1985).

■ In the case at bar the six-month period began to run no later than October 15, 1984, the effective date of Mr. Schultz's employment termination. It is on that day that Mr. Schultz should have reasonably discovered the alleged violation of the collective bargaining agreement by the Carnation defendants. With respect to the union defendants, the cause of action may have accrued even earlier, namely, July 12, 1984. That is the date on which the union defendants informed Mr. Schultz that they would not pursue his grievance regarding Carnation's wage withholding. Even if Mr. Schultz is challenging the union defendants' post-discharge decisions, his challenges are untimely. The joint area committee issued its final decision on Mr. Schultz's grievance on December 6, 1984, nearly two years before the plaintiff filed the instant civil action.

Because the alleged violations of the Carnation defendants and the union defendants occurred at least two years before Mr. Schultz filed his complaint in this case, Mr. Schultz's claims are clearly time barred, and the defendants' motions for summary judgment will be granted.

### RULE 11 SANCTIONS

■ The defendants contend that because the plaintiff's complaint is "unquestionably untimely," sanctions are appropriate under Rule 11, Federal Rules of Civil Procedure. The request for sanctions in this case is based upon the plaintiff's apparent failure to undertake reasonable inquiry into existing, relevant law, specifically the relevant time bar. Imposition of Rule 11 sanctions requires analysis under an objective standard: "Whether a sanctioned party's conduct was reasonable un-

der the circumstances." *Brown v. Federation of State Medical Boards,* 830 F.2d 1429, 1435 (7th Cir.1987). *See also Dreis v. Krump Mfg. v. International Ass'n of Machinists,* 802 F.2d 247, 255 (7th Cir.1986).

To determine whether the attorney in question made a reasonable inquiry into the law, the district court should consider: the amount of time the attorney had to prepare the document and research the relevant law; whether the document contained a plausible view of the law; the complexity of the legal questions involved; and whether the document was a good faith effort to extend or modify the law.

*Brown, supra,* 830 F.2d at 1435.

In my opinion, I am without sufficient facts to analyze and apply the factors identified in *Brown.* Thus, I am unable to arrive at an objective determination as to whether Mr. Roffa's conduct was "reasonable under the circumstances." Accordingly, the defendants' motions for sanctions will be denied.

### CONCLUSION

Therefore, IT IS ORDERED that the Carnation defendants' motion for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the union defendants' motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the Carnation defendants' motion for sanctions be and hereby is denied.

IT IS FURTHER ORDERED that the union defendants' motion for sanctions be and hereby is denied.

IT IS FURTHER ORDERED that this action be and hereby is dismissed, without costs to any party.