Louis DOZIER, Plaintiff-Appellant,

v.

TRANS WORLD AIRLINES, INC. and International Association of Machinists and Aerospace Workers, Grand Lodge and District Lodge No. 142, Defendants-Appellees.

No. 83–3008.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 12, 1985.*

Decided May 1, 1985.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Kathleen K. Intini, Intini & Assoc., Chicago, Ill., for plaintiff-appellant.

Mark E. Furlane, Gardner, Carton & Douglas, Chicago, Ill., Michael A. Katz, Trans. World Airline, Law Dept., New York City, Michael D. Gordon, Jolley, Moran, Walsh Hager & Gordon, Kansas City, Mo., David Mathews, Carmell, Charone & Widmer, Chicago, Ill., for defendants-appellees.

Before BAUER, ESCHBACH and COFFEY, Circuit Judges.

PER CURIAM.

Plaintiff Louis Dozier brought a hybrid suit against his employer, defendant Trans World Airlines, Inc. ("TWA"), and his union, defendant International Association of Machinists and Aerospace Workers (the "Union"), alleging that TWA breached a collective bargaining agreement (the "Agreement"), and that the Union breached its duty of fair representation. The district court, applying the six-month statute of limitations found in § 10(b) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 160(b), held the action to be time-barred and granted defendants' motion for summary judgment. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).[1] For the reasons stated below, we affirm the dismissal.

This dispute arose when TWA failed to reassign plaintiff to the work shift of his choice. Plaintiff felt he was entitled to the assignment under the terms of the Agreement because of his seniority. Accordingly, plaintiff had the Union file a grievance on his behalf. TWA denied relief at each of three steps in the grievance process created under the Agreement. While a System Board of Adjustment (the "Board") could review a Step 3 denial of relief, discretion to appeal to the Board rested exclusively with the Union.[2] In a letter dated November 3, 1981, the Union officially informed plaintiff that TWA had denied his Step 3 appeal and that his "grievance will not be processed any further."[3] Plaintiff retained counsel, who corresponded with TWA and the Union in an attempt to obtain Board arbitration. By letter dated December 14, 1981, counsel for the Union explained that plaintiff's claim lacked merit. He concluded: "If you have any comments, I would be pleased to receive them in writing; but as matters now stand, the Union denies your request to convene the System Board and will oppose any actions you may take to present Mr. Dozier's grievance to it." Plaintiff's counsel accepted the invitation and mailed his comments. The Un-

---

1. We note that the *DelCostello* holding applies retroactively. *Landahl v. PPG Industries,* 746 F.2d 1312 (7th Cir.1984).

2. Article 11(c)(4) of the Agreement provides: If the decision in Step 3 is not satisfactory to the Union, the matter may be referred by the Union's President-General Chairman to the System Board of Adjustment.

3. Plaintiff also received a copy of a letter, dated November 4, 1981, that originally was sent to another union official. It concludes on a tone similar to the November 3, 1981 letter: "[T]his [Step 3] decision is in accordance with the current collective bargaining agreement. Therefore, this grievance will not be processed any further."

ion's counsel quickly responded in a letter dated February 1, 1982. He acknowledged receipt of the comments, but reiterated that "[w]e simply disagree on your characterizations of the merits of the grievance and the manner in which it was processed. For these reasons, and the reasons stated in my December 14, 1981 letter, the Union declines to submit the grievance to the System Board of Adjustment." On June 22, 1982, this action was filed under the Railway Labor Act (the "RLA"), 45 U.S.C. §§ 151 *et seq.*

■ Plaintiff first argues that the six-month limitation period found in § 10(b) of the LMRA does not apply to actions such as this brought under the RLA. In *Del-Costello*, the Supreme Court opted for a uniform limitations period for claims brought under § 301 of the LMRA. While conceding that the "most closely analogous statute of limitations under state law" would normally apply (absent an express limitations period in the statute), the Court nevertheless concluded that the "federal policies at stake and the practicalities of litigation make [a uniform federal rule] a significantly more appropriate vehicle for intersticial lawmaking." 103 S.Ct. at 2287 and 2294. In particular, the Court reasoned that the six-month period contained in § 10(b) reflected "the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system." *Id.* 103 S.Ct. at 2294 (*quoting United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 70, 101 S.Ct. 1559, 1567, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring)). The same policies that led the Court to adopt a federal limitations statute for hybrid claims brought under the LMRA apply with equal force to actions brought under the RLA, which similarly governs labor-management disputes although only in common-carrier industries.

Thus, the reasoning and analysis of *Del-Costello* control in the instant case. This holding is in accord with decisions of other circuits that have applied the six-month statute of limitations to hybrid actions brought under the RLA. *Barnett v. United Air Lines, Inc.*, 738 F.2d 358 (10th Cir. 1984); *Welyczko v. U.S. Air, Inc.*, 733 F.2d 239 (2d Cir.1984); *Sisco v. Consolidated Rail Corp.*, 732 F.2d 1188 (3d Cir.1984); *Hunt v. Missouri Pacific R.R.*, 729 F.2d 578 (8th Cir.1984) (by implication); *Barina v. Gulf Trading and Transportation Co.*, 726 F.2d 560, 563 n. 6 (9th Cir.1984).[4]

Plaintiff next argues that even if the six-month period applies, certain events tolled its running until about four months before he filed suit. At the very least, he urges us to remand to the district court for an evidentiary hearing on when the period began to run.

■ The limitations period under the RLA "generally begins to run when 'the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [breach of duty].'" *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 304 (7th Cir.1983) (quoting *Hungerford v. United States*, 307 F.2d 99, 102 (9th Cir.1962), *overruled on other grounds, Ramirez v. U.S.*, 567 F.2d 854 (9th Cir.1977)), *cert. denied,* — U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). *Cf. Vallone v. Local Union No. 705*, 755 F.2d 520, 522 (7th Cir.1984). The complained of breach here occurred when the Union declined to appeal TWA's denial of relief to the Board. Plaintiff was apprised of this decision by letter dated November 3, 1981. Plaintiff, however, claims that the message contained in the notice was equivocal, and that the Union refrained from finally deciding not to take the matter to the Board only in February, 1982—within six months of the complaint's June 22, 1982 filing date. We cannot agree. The Union

---

**4.** This circuit has previously applied the six-month statute of limitations to actions for breach of duty of fair representation alone brought under the RLA. *United Independent* *Flight Officers v. United Air Lines*, 756 F.2d 1274 (7th Cir.1985); *Ranieri v. United Transportation Union*, 743 F.2d 598 (7th Cir.1984).

informed plaintiff in no uncertain terms in the November 3 letter that "your grievance will not be processed any further." This clear sentiment appeared in every future communication received by plaintiff from the Union.

A decision by the Union not to proceed with a grievance "is no less final a determination than an arbitration award." *Vallone*, 755 F.2d at 522. Even the complaint indicates "[t]hat some time in November, 1981, the plaintiff was informed that his grievance was denied...." And while the Union continued to respond to plaintiff's requests for a hearing before the Board, the courtesy it extended him should not be viewed as procrastination sufficient to toll the statute. Otherwise, a plaintiff could indefinitely delay resolution of labor disputes merely by bombarding his union with tiresome requests for needless review. This defeats the congressional policy of rapid resolution of labor disputes behind the RLA (as well as the LMRA). 45 U.S.C. § 151a. *See United Parcel Service*, 451 U.S. at 63, 101 S.Ct. 1564.

The judgment of the district court is AFFIRMED.