V.N. MEEKINS, L.A. Koenig, Plaintiffs–Appellees,

v.

UNITED TRANSPORTATION UNION, Defendant–Appellant.

No. 90–1773.

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1991.

Decided Oct. 11, 1991.

As Amended Nov. 21, 1991.

Clinton Joseph Miller, III, Asst. Gen. Counsel, United Transp. Union, Cleveland, Ohio, argued (Jay J. Levit, Levit & Mann, Richmond, Va., on brief), for defendant-appellant.

Robert Patrick Geary, Richmond, Va., argued, for plaintiffs-appellees.

Before HALL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

## OPINION

GODBOLD, Senior Circuit Judge:

Plaintiffs Meekins and Koenig sued their union, United Transportation Union (UTU), alleging breach of the union's duty of fair representation under the Railway Labor Act, 45 U.S.C. §§ 151–88, and the district court ruled in their favor. UTU appeals, asserting that plaintiffs' action was barred by the statute of limitations and res judicata. We affirm.

## I. BACKGROUND

In 1970, plaintiffs' former employer, Seaboard Coast Line Railroad Co., merged with their current employer, Richmond, Fredricksburg & Potomac Railroad Co. ("RF & P"), and the two railroads agreed to consolidate their railyard operations. The railroads' consolidation agreement provided that UTU members formerly employed by Seaboard could transfer to RF & P's railyard, where they would be governed by the collective bargaining agreement between UTU and RF & P. Plaintiffs transferred to the RF & P yard.

Nine years later RF & P and UTU negotiated a "crew consist agreement" that allowed RF & P to reduce the size of train crews at its railyard in exchange for increased pay for members of new, smaller crews. But although the crew arrangements established by the agreement applied to all employees in the RF & P yard, the new pay scheme did not. Only employees who either worked for RF & P before the merger or were hired after the merger

were eligible for the additional payments, so plaintiffs, who worked for Seaboard before the merger, did not receive the pay increase. Plaintiffs did not learn of the crew consist agreement until 1982, at which time they began pursuing remedies within UTU in order to bring themselves within the agreement and thus obtain the additional payments. When these efforts proved unsuccessful they filed suit against RF & P and UTU, alleging breaches of the union's duty of fair representation.[1] The district court dismissed plaintiffs' claims as time barred, and this court affirmed in part and reversed in part. *See Dement v. Richmond, Fredricksburg & Potomac Railroad Co.*, 845 F.2d 451 (4th Cir.1988). We held that (1) the district court lacked jurisdiction over RF & P[2], *id.* at 462–63, (2) plaintiffs were entitled to a trial on their contention that UTU had breached its duty of fair representation by refusing to seek an amendment to the crew consist agreement that would have permitted plaintiffs to obtain the additional payments made to other employees, *id.* at 459–62, and (3) the district court properly dismissed plaintiffs' other claims against the union, *id.* at 457–59.

On remand the district court ruled for plaintiffs, finding that UTU had refused to amend the crew consist agreement to include plaintiffs even though RF & P would have been willing to do so and that the union's "arbitrary and perfunctory" processing of the resulting grievances constituted a breach of its duty of fair representation. The court awarded damages in an amount equal to the additional payments that plaintiffs would have received if they had been included in the crew consist agreement, but it declined to award injunctive relief, stating:

Ordinarily, injunctive relief would also be proper. However, the RF & P was dismissed from this case and was not joined as an indispensable party, and the union local was not a defendant. The Court has no authority to order a change in the collective bargaining agreements when all the parties are not before the Court.

The court entered judgment February 9, 1989, and none of the parties appealed.

In early April the chairman of plaintiffs' local union wrote to UTU International on behalf of plaintiffs to again request that they be included in the crew consist agreement and given the additional payments. The assistant general counsel for UTU responded in a letter dated April 11 that stated that UTU would not seek to include plaintiffs in the crew consist agreement because plaintiffs' claims against the union were barred by the statute of limitations and res judicata.

On October 10, 1989, one day less than six months after April 11, plaintiffs again filed suit against UTU. In this second suit they asked that the court award them damages for the period after the court entered judgment in the first suit and "enjoin defendant UTU from violating in the future the consolidation agreement." UTU defended on the basis of the statute of limitations and res judicata, contending that plaintiffs' claim (1) accrued no later than February 9, when the district court entered judgment in the first suit, well beyond the applicable six month statute of limitations, and (2) was identical to the claim upon which the first suit was based.

After a bench trial the district court ruled in favor of plaintiffs. It found that the suit was not barred by the statute of limitations because the claim on which the suit was based did not accrue until April

1. Two other former Seaboard employees joined plaintiffs Meekins and Koenig in this first suit against UTU. They have since retired from RF & P and are not parties to the current action.

2. The Railway Labor Act provides two methods of dispute resolution. Under certain circumstances district courts have jurisdiction over so-called "major" disputes, which relate to formation of collective bargaining agreements. However, district courts do not have jurisdiction over "minor" disputes, which involve interpretation of existing collective bargaining agreements, until the plaintiff employees have exhausted their remedies before an adjustment board. *See generally Dement*, 845 F.2d at 462–63. We concluded in *Dement* that the district court lacked jurisdiction over RF & P because plaintiffs had not submitted their claim to an adjustment board. *Id.*

11, when UTU rejected plaintiffs' request for additional payments and less than six months before the second suit was filed. The court held that res judicata did not apply because the second suit arose from a transaction separate from that on which the first suit was based, noting that the relief requested for damages sustained after the first judgment was entered would have been "wholly speculative," and thus unavailable at the close of the first suit. The court found that UTU's continuing refusal to amend the crew consist agreement amounted to a breach of its duty of fair representation and awarded plaintiffs back pay running from the entry of judgment in the first suit and front pay "[f]or so long as the UTU continues to refuse to seek to include the plaintiffs in the short crew and productivity fund benefits provided to others working at the [RF & P] yard."

## II. DISCUSSION

We review the district court's determinations of law *de novo. Parker v. Prudential Ins. Co.*, 900 F.2d 772, 776 (4th Cir. 1990). UTU makes essentially the same contentions on appeal relating to the statute of limitations and res judicata that it made in the district court. Because we agree with the district court that this action arose from a claim separate from that giving rise to the first suit, we affirm its ruling for plaintiffs.

### A. *Statute of Limitations*

■ A six month statute of limitations applies to a union member's breach of duty of fair representation claim under the Railway Labor Act. *See Dement, supra*, 845 F.2d at 460. A claim for such a breach accrues when the plaintiff knows, or should have known, that the grievance procedure has been exhausted or otherwise broken down. *Id.* The standard is objective, and a plaintiff may not toll the limitations period indefinitely by "bombarding [the] union with tiresome requests for needless review...." *Dozier v. Trans World Airlines Inc.*, 760 F.2d 849, 852 (7th Cir.1985).

■ Plaintiffs filed this action on October 10, less than six months after their claim accrued on April 11, the day on which UTU rejected their request for revision of the crew consist agreement. UTU contends that plaintiffs knew or should have known by the close of the first trial that the union had no intention of ever awarding them the additional payments they sought. We agree with the district court that plaintiffs reasonably believed that UTU would respond to the court's order of February 9 finding the union to have breached its duty of fair representation by amending the agreement to include plaintiffs. Plaintiffs could not have known that UTU would not do so until it rejected their renewed request on April 11. Therefore, plaintiffs' claim was not barred by the statute of limitations.

### B. *Res Judicata*

■ Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir.1986). The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989), quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) (internal quotation marks deleted).

■ However, res judicata does not bar claims that did not exist at the time of the prior litigation. *See Harnett*, 800 F.2d at 1313. The standard is objective, and "it is the existence of the present claim, not party awareness of it, that controls." *Id.* A party invoking res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990), quoting *Nash County Board of Ed-*

*ucation v. Biltmore Co.,* 640 F.2d 484 (4th Cir.1981). In the case before us the only element in dispute is the second, the identity of the causes of action in the two suits.

■ This circuit has adopted a transactional approach to the identity of claims question drawn from § 24(b) of the Restatement (Second) of Judgments. *See Keith,* 900 F.2d at 740. Under the Restatement (Second) standard "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Harnett* at 1313. Applying that standard, we hold that plaintiffs' claim arises out of a different transaction than that resolved by the judgment in the first suit and affirm the district court's ruling in favor of plaintiffs.

Plaintiffs' claim arises from UTU's refusal on April 11 to begin providing them with the additional payments after the district court had ruled in the first suit that failure to do so was a breach of the union's duty of fair representation. Thus, the claim arises from events separate from those at issue in the first suit. "[R]es judicata has very little applicability to a fact situation involving a continuing series of acts, for generally each act gives rise to new cause of action." *Crowe v. Leeke,* 550 F.2d 184, 187 (4th Cir.1977) (decided prior to adoption of Restatement (Second) standard).

The claim plaintiffs advance in this suit did not exist at the time of the first suit, *Harnett,* 800 F.2d at 1313, because plaintiffs could not then have obtained the prospective relief that they now seek. This court ruled in *Dement* that the district court lacked jurisdiction over RF & P because the first suit involved a "minor" dispute. *See supra,* n. 2. Therefore, a claim for an injunction requiring UTU and RF & P to modify their collective bargaining agreement to include plaintiffs in the class entitled to the additional payments did not exist at the time of the first suit.

Neither did a claim for front pay exist at the time of the first suit. The claim would have been wholly speculative, and thus unavailable, because plaintiffs could not have known that UTU would ignore the district court's finding that its conduct was illegal. Thus, under this circuit's objective test, res judicata does not bar plaintiffs' claim. *See Harnett* at 1313.

AFFIRMED.

K.K. HALL, Circuit Judge, dissenting:

Because I believe this case should be decided strictly on *res judicata* grounds, I respectfully dissent.

This action is barred by *res judicata* because the damages awarded by the district court could have been sought and awarded in *Dement.* The district court held, and the majority agrees, that front-pay damages would have been denied to the plaintiffs in their earlier action because they would have been speculative at that time. I fail to perceive how front-pay damages were any more speculative at that time than they are now.

The district court stated that plaintiffs could not have been certain that the union would continue to refuse to seek to add them to the agreement after judgment was entered, and that plaintiffs had a reasonable expectation that the union would respond to the court's order entered against it on February 9, 1989, by attempting to add them to the Crew Consist Agreement. A "reasonable belief" that an accrued claim need not be asserted, however, cannot prevent its preclusion through the operation of *res judicata.*

Furthermore, the certainty of damages does not determine whether *res judicata* applies. "The rule of claim preclusion ... asks only if a claim made in the second action involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action.... Claims may arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief." *Harnett v. Billman,* 800 F.2d 1308, 1314 (4th Cir.1986). The claim for damages in this action certainly involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action; therefore, the claim should have been brought then, and the claim is now precluded.

The district court in *Dement* declined to enter injunctive relief because the employer, RF & P, had been dismissed and had not been joined as an indispensable party. RF & P is not a party to this action either, yet the district court ordered monthly damages against the union in lieu of an injunction. The *Dement* court could have ordered the UTU to use its best efforts to effect a change in the agreement. An injunction compelling the UTU to seek amendment to the agreement simply does not require the employer's presence in the action. The union could always seek to dissolve the injunction by demonstrating to the court that it had made a reasonable effort to have the agreement amended. Damages in lieu of an injunction, as awarded by the district court below, certainly could have been ordered in *Dement* as well; therefore, they are precluded in this action.

For the foregoing reasons, I would reverse the judgment of the district court.