993 F.2d 1536
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
PRINCE GEORGE JOINT VENTURE, A Texas Joint Venture; Prince
George Corporation, A South Carolina Corporation,
Defendants-Appellants,
and
First Stockton Partners, A Texas Joint Venture; First
Stockton Service Corporation, Co-Partners of First Stockton
Partners, A Texas Joint Venture; Cove Partners B, Limited;
Lucille V. Pate, Defendants.
 No. 92-1594.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 13, 1993
Decided: May 24, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-91-858-2-18)
 Herbert W. Hamilton, Thomas E. McCutchen, Whaley, McCutchen, Blanton & Rhodes, Columbia, South Carolina, for Appellants.
 J. Randolph Pelzer, Pelzer & Associates, P.A., Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Defendants Prince George Joint Venture and Prince George Corporation (collectively Prince George) appeal from an order of the district court granting Plaintiff Federal Deposit Insurance Corporation's (FDIC) motion for summary judgment and ordering foreclosure on property owned by Prince George. Finding that no genuine issues of material fact exist, we affirm the district court's decision.
 
 
 2
 Prince George Joint Venture is a joint venture composed of First Stockton Partners (a Texas joint venture) and Prince George Corporation (a South Carolina corporation). In 1985 Prince George executed and delivered to Sunbelt Savings Association of Texas a promissory note in the amount of $17,000,000, with interest, secured by a mortgage on the real property which is the subject of this dispute.[1] Sunbelt Savings Association was declared insolvent and placed into receivership in 1988, and the FDIC now owns the note and mortgage. Prince George has made no payments on the loan since 1988, and the balance of the indebtedness has steadily increased so that Prince George owed $25,570,937.41 as of January 1, 1992, with interest accruing at $5,273.93 per diem.
 
 
 3
 Prince George filed a complaint in Texas federal district court in 1990 alleging a lender liability claim. Essentially, Prince George contended that the original lender, Sunbelt Savings Association, was not a true creditor as the note, mortgage, and other loan instruments reflected, but a partner that had breached duties not reflected in any of the loan documents to act reasonably in connection with various matters. The Texas district court denied a motion for a preliminary injunction against FDIC proceeding with foreclosure.
 
 
 4
 The FDIC filed a motion for summary judgment against Prince George in the Texas action, which the Texas district court granted in February 1992.[2] In March 1992 the Texas district court denied Prince George's motion for leave to file a supplement to its first amended complaint and request to set aside the award of summary judgment. Prince George appealed to the Fifth Circuit Court of Appeals, but the appeal was dismissed in May 1992 after Prince George failed to file a brief requested by the Court.
 
 
 5
 The FDIC brought this action in South Carolina federal district court in March 1991, seeking to foreclose on the mortgage against Prince George. In May 1991 Prince George filed a motion to stay the foreclosure action pending the disposition of the Texas action. The South Carolina district court denied Prince George's motion for stay in July 1991.
 
 
 6
 In August 1991 the FDIC filed a motion for summary judgment in the South Carolina foreclosure action. Prince George opposed the motion with an affidavit of Lloyd Kapp, an officer of Prince George Corporation. Prince George filed an amended answer and counterclaims in the South Carolina action in December 1991, asserting the same basic claims that it had asserted in the Texas action.
 
 
 7
 At a hearing in March 1992, the FDIC requested that the South Carolina district court enter summary judgment in the foreclosure action based on the res judicata effect of the Texas district court order. The South Carolina district court granted summary judgment one week later, and Prince George filed this timely appeal.[3] Thereafter, Prince George filed a motion for supersedeas and a motion for reconsideration, contending that the Texas district court's order was not entitled to res judicata effect because it was not a final order.
 
 
 8
 In July 1992 the Texas district court granted summary judgment in favor of the remaining Defendants and entered final judgment. Prince George then withdrew its motion for reconsideration in the foreclosure action and argued the motion for supersedeas. In August 1992 Prince George filed a motion for reconsideration and motion for stay in the Texas action. The Texas district court denied the stay request and entered an order in September 1992 awarding FDIC attorney's fees in addition to the principal and interest previously awarded. Prince George's motion for reconsideration is still pending in the Texas district court. Prince George has no present appeal to the Fifth Circuit Court of Appeals.
 
 
 9
 In this appeal, Prince George moved to stay the foreclosure sale pending the outcome of the appeal in the Fifth Circuit or to transfer the appeal; we denied the motions. Prince George Corporation filed an involuntary petition in bankruptcy against Prince George Joint Venture on August 24, 1992. After three hearings, the bankruptcy court lifted the automatic stay.
 
 
 10
 The South Carolina district court conditionally granted Prince George's motion for supersedeas. However, when Prince George failed to file the bond, the foreclosure sale occurred on October 26, 1992. The FDIC bid $12,000,000 and was the highest bidder. The FDIC moved to dismiss this appeal due to Prince George's failure to comply with Fed. R. App. P. 30(b), but we denied that motion.
 
 
 11
 We review an award of summary judgment de novo. World-Wide Rights Ltd. Partnership v. Combe Inc., 955 F.2d 242 (4th Cir. 1992). Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). To avoid summary judgment, Prince George must establish the existence of a genuine issue of material fact by presenting evidence on which a jury could reasonably find in its favor. Anderson, 477 U.S. at 252.
 
 
 12
 In granting summary judgment, the South Carolina district court relied upon our decision in Meekins v. United Transp. Union, 946 F.2d 1054 (4th Cir. 1991). There, we held that res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action. The doctrine bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. Meekins, 946 F.2d at 1057; Peugeot Motors of America, Inc. v. Eastern Auto Distrib., Inc., 892 F.2d 355, 359 (4th Cir. 1989), cert. denied, 110 S. Ct. 3242 (1990).
 
 
 13
 A party invoking res judicata must establish three elements: (1) a final judgment on the merits in a prior suit; (2) identity of the cause of action in both suits; and (3) identity of the parties or their privies in the two suits. Meekins, 946 F.2d at 1057; Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir.), cert. denied, 59 U.S.L.W. 3276 (U.S. 1990).
 
 
 14
 The South Carolina district court correctly found that the first element was satisfied because the Texas district court judgment granting summary judgment to the FDIC was a final judgment on the merits in a prior suit. Even an appeal of the Texas judgment would not detract from its decisiveness and finality. See Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183 (1941). Similarly, the South Carolina district court correctly found that the third element was satisfied because both Prince George and FDIC were parties in the prior suit.
 
 
 15
 The South Carolina district court then concluded that the affirmative defenses and counterclaims asserted by Prince George in the South Carolina foreclosure action arose out of the same transaction as the claims asserted in the Texas suit.[4] We have adopted a transactional approach to the identity of claims for res judicata purposes. We determine "whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Meekins, 946 F.2d at 1057; Keith v. Aldridge, 900 F.2d at 740.
 
 
 16
 The district court relied on the fact that Lloyd Kapp's affidavit filed in opposition to the FDIC's motion for summary judgment in the South Carolina action was identical to Prince George's complaint in the Texas case and identical to the affidavit filed in opposition to the FDIC's motion for summary judgment in the Texas action. All of the claims and defenses that Prince George asserted in the South Carolina foreclosure action were available in Prince George Texas action. Therefore, the South Carolina district court correctly concluded that those claims were barred in the South Carolina case by the doctrine of res judicata, whether or not they were actually litigated in the Texas case. Meekins, 946 F.2d at 1057.
 
 
 17
 In addition, we find that this case should be dismissed as moot because the foreclosure sale has been completed and Prince George failed to file a supersedeas bond. In A & H Holding Corp. v. O'Donnell (In re Abingdon Realty Corp.), 530 F.2d 588 (4th Cir. 1976), we affirmed a district court's order dismissing as moot an appeal of a bankruptcy order approving the sale of property of the debtor's estate because the sale had been completed and the appellant failed to obtain or seek a stay pending appeal.
 
 
 18
 Here, although Prince George filed a motion or supersedeas which the South Carolina district court conditionally granted, Prince George failed to file the required bond. Further, this Court denied Prince George's motion for stay. Consequently, the foreclosure sale was consumated, and this appeal is moot. A & H Holding Corp., 530 F.2d at 589; see also In re Memorial Estates, Inc., 950 F.2d 1364, 1369 (7th Cir. 1991) (in absence of stay, sale of property to bona fide purchaser by bank during appeal moots the appeal of the judgment ordering the sale), cert. denied, 60 U.S.L.W. 3841 (U.S. 1992); In re Kahihikolo, 807 F.2d 1540, 1542 (11th Cir. 1987) (where debtor failed to obtain a stay pending appeal of an adverse bankruptcy court order and the creditor conducted a foreclosure sale, the appeal was dismissed as moot).
 
 
 19
 For the reasons set forth above, we affirm the decision of the district court awarding summary judgment to the FDIC. We deny the FDIC's motion for assessment of a penalty against Prince George. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The real property which is the subject of this action is known as the Arcadia II tract, and includes 1964 acres of raw land in Georgetown County, South Carolina
 
 
 [2]
 The action continued as to the remaining Defendants
 
 
 [3]
 Prince George contends that this is a protective appeal to preserve its rights pending a reconsideration or reversal of the Texas district court order
 
 
 [4]
 Specifically, Prince George asserted the following affirmative defenses in the South Carolina foreclosure action: (1) acceptance by the FDIC of a request to forbear; (2) equitable grounds resulting from Hurricane Hugo; (3) unclean hands; and (4) waiver