**BANNER INDUSTRIES OF NEW YORK, INC. and Robert C. Kaplan, Plaintiffs,**

v.

**Herman SANSOM, Jr. and Ripley Manufacturing, Inc., Defendants.**

**Civ. A. No. 6:93–0044.**

United States District Court, S.D. West Virginia, Parkersburg Division.

Aug. 30, 1993.

Joseph R. Goodwin, Richard D. Owen, Goodwin & Goodwin, Charleston, WV, for plaintiffs.

Norman T. Daniels, Jr., Charles M. Johnstone, II, Thaxton & Daniels, Charleston, WV, for defendants.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendants' motion to dismiss pursuant to *Rule* 13(a), Federal Rules of Civil Procedure, or in the alternative to stay this action. For reasons more fully set forth below, Defendants' motion to dismiss is **GRANTED** and this action is dismissed without prejudice. The motion to stay is **DENIED** as moot.

On October 30, 1992, Defendants Sansom and Ripley Manufacturing, Inc., ("Ripley"), filed a complaint in the Circuit Court of Jackson County, West Virginia, ("the circuit court action") against Plaintiffs Kaplan, Ripley Apparel, Inc., ("Apparel"), and Banner Industries of New York, Inc., ("Banner"). While somewhat unclear, the complaint apparently alleged, *inter alia,* fraud and breach of contract. On November 16, 1992, Sansom and Ripley published letters claiming Kaplan and Banner made deliberate misrepresentations in connection with certain business transactions. Kaplan, Apparel, and Banner answered the complaint on or about November 25, 1992. Sansom and Ripley filed an amended complaint, with allegations similar to the original complaint, in the circuit court action on January 14, 1993. Kaplan, Apparel, and Banner answered the amended complaint on January 26, 1993.

In the instant federal court action, Kaplan and Banner assert the letters published by

Sansom and Ripley in mid-November are false and defamatory. This defamation claim was not raised as a counterclaim by Kaplan and Banner in the circuit court action. As a result, Sansom and Ripley seek dismissal of this action on the grounds that it is a compulsory counterclaim which should have been pleaded in the circuit court action.

*Rule* 13(a) provides in pertinent part as follows:

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim....

█ In passing on whether a counterclaim is compulsory or permissive in nature, the Court looks to four factors: (1) are the issues of fact and law raised in the claim and the counterclaim largely the same; (2) would *res judicata* bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule; (3) will substantially the same evidence support or refute the claim as well as the counterclaim; and (4) is there any logical relationship between the claim and counterclaim? *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir.1988); *Sue & Sam Mfg. Co. v. B–L–S Constr. Co.*, 538 F.2d 1048, 1051–53 (4th Cir.1976).

█ These inquiries need not all be answered in the affirmative for the counterclaim to be deemed compulsory. *Painter*, 863 F.2d at 331. The tests are not a "litmus" but rather a general guideline to the district court. *Id.* While the "same evidence" component is an important factor to be considered, "courts have properly cautioned that this test should not be the exclusive determinant of compulsoriness ... because it is too narrow a definition of a single transaction or occurrence." *Id.* at 332 (stating "a counterclaim may still arise from the same 'transaction or occurrence', as a logically related claim even though the evidence needed to prove the opposing claims may be quite different").

█ The claim and the counterclaim contain a similarity of factual and legal issues and both may be supported or refuted by substantially the same evidence. A primary factual issue, which will affect legal elements of both the federal and circuit court actions, will be the nature of the business transactions between the parties *i.e.* did Kaplan and Banner act fraudulently, deliberately making false material statements to Sansom and Ripley.[1] If the evidence shows Kaplan and Banner made such statements, Sansom and Ripley will have gone a long way toward proving their fraud claim in the circuit court action. The absence of these statements, on the other hand, will be fatal to much, if not all, of Sansom's and Ripley's circuit court claim.

The proof, or failure of such, on the alleged material false statements in the circuit court action will bear heavily on the fate of the instant libel action. For instance, a finding that Sansom's and Ripley's letters *falsely* stated that Kaplan and Banner made deliberate misrepresentations, (*i.e.* a finding that no deliberate, material false statements were made by Kaplan and Banner), will establish the pleaded element of falsity in the instant federal action and negate Sansom's and Ripley's defense of truth. Conversely, a finding that Kaplan and Banner made deliberate, material false statements will negate the falsity element of their federal libel claim and support Sansom's and Ripley's defense that the statements in the letters were true.

The Court recognizes the elements of both actions are not identical and that some evidence will be offered in one action and not in the other. On balance, however, the Court concludes the first and third elements are satisfied.[2]

---

1. Both parties have pleaded the element of falsity in their complaints. Sansom and Ripley have further asserted the defense of truth in paragraph 7 of their answer to the libel claim.

2. In *Painter*, the court appeared to place emphasis on the fact that "[t]he claim and counterclaim both involved witness testimony directed toward the same critical event." *Painter*, 863 F.2d at 331. The "critical event" for the instant parties, which will presumably involve much of the testimony in both the state and federal actions, is what transpired during the parties' business transactions and thereafter.

■ The fourth element, the logical relationship test, is a flexible inquiry.[3] Again, the pleadings demonstrate that the parties' disputes in the state and federal actions essentially arise from the souring of their business relationship. Allowing both of these actions to proceed in parallel fashion would result in not only the duplication of evidence and effort but also wasted judicial resources. For these and other reasons, the Court concludes both that the logical relationship test is met and that Kaplan's and Banner's instant federal action is a *compulsory counterclaim* which should be pleaded in the pending circuit court action.[4]

In a final attempt to avoid application of *Rule* 13(a), Kaplan and Banner cite *Harris v. Steinem*, 571 F.2d 119 (2d Cir.1978). In *Harris*, plaintiff sought damages for defendants violations of securities laws. *Id.* at 121. Defendants counterclaimed for libel, stating plaintiff made statements subsequent to the filing of the suit and maliciously brought the original complaint. *Id.* The court, *inter alia*, held the counterclaim permissive stating (1) a malicious prosecution claim is premature prior to determination of the main action and (2) a counterclaim is not compulsory when it "stems from the filing of the main action and *subsequent* alleged defamations." *Id.* at 124.

These grounds for decision are inapplicable to the instant case. The most generous reading of Kaplan's and Banner's complaint illustrates it is based *solely* on the publishing of the alleged libelous letters. It is neither explicitly nor implicitly a claim for malicious prosecution. The act complained of is not the filing of the circuit court action but rather the publication of the allegedly libelous letters. Unlike the facts in *Harris*, no reference is made to the pending state action in the instant complaint.[5] Accordingly, the Court concludes *Harris*, and the authority cited therein, is inapposite to the facts of the instant case.[6]

The Court concludes Kaplan's and Banner's complaint constitutes a compulsory counterclaim that should be asserted in the pending circuit court action. Accordingly, Defendants' motion to dismiss is **GRANTED** and the motion to stay is **DENIED** as moot. The Court **ORDERS** this action dismissed

**3.** Commentators have stated the test "allows the court to apply Rule 13(a) to any counterclaim that from an economy or efficiency perspective could be profitably tried with the main claim." Wright, Miller, & Kane, *Federal Practice & Procedure* § 1410 (1990).

**4.** The Court questions whether the *res judicata* inquiry is satisfied. The three elements of *res judicata* are (1) a previous valid, final judgment on the merits; (2) identity of the causes of action in both the earlier and later suits, and (3) an identity of parties or their privies in the two suits. *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir.1991); *Sattler v. Bailey*, 184 W.Va. 212, 217, 400 S.E.2d 220, 225 (1990). There is not a complete identity of the parties in this case, as only Kaplan and Banner, and not Apparel, are the Plaintiffs pursuing the federal action. While not raised by the parties, the relationship between Apparel and Banner may place those two parties in privity, thus satisfying the third element. Even assuming however, that the *res judicata* inquiry is not satisfied, the Court's conclusion would not be altered. In *Painter*, the court stated:

the res judicata test cannot be the controlling one. If the limits of the compulsory counterclaim are no broader than res judicata, then Fed.R.Civ.P. 13(a) would be superfluous.

Commentators and courts have recognized the difficulty of using a res judicata test to distinguish between permissive and compulsory counterclaims.
*Painter*, 863 F.2d at 333.

**5.** In *Harris*, the court stated "in their answer, appellants denied these contentions, and counterclaimed for libel *based both on the complaint itself, which was alleged to have been 'brought maliciously,'* and also on several subsequent published statements of Harris concerning her lawsuit." *Harris*, 571 F.2d at 121.

**6.** The one time the Court of Appeals for the Fourth Circuit has cited *Harris* was in *Painter*. *Painter*, 863 F.2d at 333–34. The court in *Painter* distinguished *Harris* on grounds similar to those found by this Court:

In *Harris*, the libel counterclaim related to publications which arguably were privileged as court filings. The *Harris* court thus regarded the libel counterclaim as little more than a claim of malicious prosecution which was 'premature prior to the determination of the main action.' ... Here, by contrast, the focus of the counterclaim was on Painter's activities before the Luray Town Council, which are distinct and apart from a filing of a lawsuit.
*Painter*, 863 F.2d at 333–34.

without prejudice and stricken from the docket.