UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

JUDITH PLOTKIN, Doctor,
Plaintiff-Appellant,

v.

BRUCE A. LEHMAN, officially,
Assistant Secretary of Commerce,
Commissioner of Patents and

Trademarks; JANE S. MYERS,
individually and officially, Director,
Information Services; JOSEPH JONES,
individually; GLORIA GUTIERREZ,
individually; WAYNE YOSHINO,
individually,
Defendants-Appellees.

No. 98-1638

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-98-216-A)

Submitted: April 13, 1999

Decided: April 30, 1999

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John M. DiJoseph, Ted Kavrukov, KAVRUKOV, MEHROTRA &
DIJOSEPH, Arlington, Virginia, for Appellant. Helen F. Fahey,

United States Attorney, Rachel C. Ballow, Assistant United States Attorney, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Judith Plotkin appeals the district court order dismissing her claims under the Rehabilitation Act of 1973, 29 U.S.C.A.§§ 701-797 (West 1985 & Supp. 1998), and the Fifth Amendment. We affirm.

Plotkin first asserts that the law of the case doctrine barred the district court from adjudicating Defendants' motion to dismiss because the district court for the District of Columbia denied that motion in its order transferring the case to the Eastern District of Virginia. Plotkin's claim is misplaced. "Interlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case." Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994). The fact that a different district court may have made the initial ruling is of no consequence. See Tang v. Rhode Island, Dep't of Elderly Affairs, 163 F.3d 7, 11 (1st Cir. 1998) (recognizing that ruling of one trial judge does not preclude another trial judge from reconsidering interlocutory ruling). Therefore, the district court did not err in ruling on the motion.

Plotkin next claims that the district court erred in finding that the principles of res judicata barred the relitigation of her claim under the Rehabilitation Act of 1973. This court reviews de novo the district court's determination that Plotkin's claim under the Rehabilitation Act was barred on res judicata grounds. See Gray v. Farley, 13 F.3d 142, 145 (4th Cir. 1993). "Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." Meekins v. United Transp.

2

Union, 946 F.2d 1054, 1057 (4th Cir. 1991). To successfully plead the doctrine, a party must show: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. Id. We find no error in the district court's determination that these prerequisites were met. Plotkin had a full and fair opportunity to raise her claim under the Rehabilitation Act in her 1994 action and the principles of res judicata bar her from relitigating the claim.

Plotkin's final claim is that the temporary suspension of her user pass enabling her to access the Patent and Trademark Office ("PTO") facilities violated her procedural due process rights. To maintain a procedural due process claim, Plotkin must establish that she had a protected property or liberty interest. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976). Assuming without deciding that Plotkin has a protected property or liberty interest in accessing the PTO facilities, the district court correctly found that the lack or a pre-deprivation hearing did not violate Plotkin's due process rights. This court looks to three factors in assessing what procedures are mandatory prior to the deprivation of a protected liberty or property interest: the private interest that will be affected by the official action, the risk of an erroneous deprivation of such interest, and the government's interest and the burdens that additional procedural requirements would entail. See Scott v. Williams, 924 F.2d 56, 59 (4th Cir. 1991) (citing Mackey v. Montrym, 443 U.S. 1, 10 (1979)). After reviewing these factors, we agree with the district court that the temporary suspension of Plotkin's user pass without a hearing did not violate her procedural due process rights.

We therefore affirm the district court's order awarding Defendants summary judgment on Plotkin's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3