# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SALVATORE DEMARCO,
            *Plaintiff-Appellant,*

v.

UNIVERSITY OF NORTH CAROLINA,
through its Board of Governors;
EAST CAROLINA UNIVERSITY, the
Department of Communications,
Science and Disorders; RICHARD R.
EAKINS, Chancellor; JAMES HALLOCK,
Vice Chancellor; MICHAEL
RASTATTER,

            *Defendants-Appellees.*

No. 00-2440

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-99-62-4-H)

Submitted: September 20, 2001

Decided: October 19, 2001

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Janet I. Pueschel, PUESCHEL & ASSOCIATES, Raleigh, North Carolina, for Appellant. Roy Cooper, North Carolina Attorney General,

Sylvia Thibaut, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Salvatore DeMarco appeals the dismissal on res judicata grounds of his federal claims arising out of his termination from employment as a professor at East Carolina University. DeMarco's federal action alleged due process violations under the United States and North Carolina constitutions, wrongful termination under Title I of the Americans with Disabilities Act and North Carolina law, negligent and intentional infliction of emotional distress, and violation of his First Amendment rights to free speech and association.

DeMarco received written notification from Chancellor Richard Eakins that he was suspended from his position and Eakins intended to permanently discharge him. DeMarco challenged his discharge through the available state administrative proceedings. After exhausting his administrative remedies, DeMarco petitioned the Wake County, North Carolina Superior Court for review. In his petition before the North Carolina court, DeMarco alleged due process violations under both the United States and North Carolina constitutions, discrimination based on his disability, the decision to terminate his employment was arbitrary and capricious, and other errors of law. The North Carolina court affirmed the final agency decision and dismissed DeMarco's petition with prejudice on December 23, 1999. The state court found "no violation of any constitutional or statutory right of the Petitioner."

DeMarco filed his suit in federal court on May 14, 1999. On motion by the Defendants, the district court dismissed DeMarco's suit

as barred by the doctrine of res judicata on October 11, 2000. Federal courts must give preclusive effect to state court judgements where the state courts would do so. 28 U.S.C. § 1738 (1994). Since North Carolina law would bar any further action by DeMarco, the full faith and credit doctrine precludes federal adjudication of his federal suit. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Rao v. County of Fairfax*, 108 F.3d 42, 44 (4th Cir. 1997). Our review of the pleadings in the state case and the state court's decision confirms that the issues raised in the federal suit were adjudicated in the state suit. *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990). We also find that all of DeMarco's causes of action arise from the same transaction. *See Meekins v. United States Transportation Union*, 946 F.2d 1054, 1058 (4th Cir. 1991). Accordingly, the district court properly concluded that DeMarco's federal actions were barred under the doctrine of res judicata.

For the first time on appeal, DeMarco challenges the veracity of unsworn testimony offered at his administrative hearing. This court will not address issues raised for the first time on appeal except in exceptional circumstances. *See Grossman v. Commr.*, 182 F.3d 275, 280-81 (4th Cir. 1999); *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). Because no exceptional circumstances exist in this case, we decline to consider this claim.

We affirm the district court's finding that DeMarco's federal suit is barred by the doctrine of res judicata. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*