# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PAUL L. SHUMPERT,
  *Plaintiff-Appellant,*

v.

MANCOR CAROLINA, INCORPORATED,
  *Defendant-Appellee.*

No. 02-2280

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-00-2480)

Submitted: March 21, 2003

Decided: July 29, 2003

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

### COUNSEL

Chalmers C. Johnson, CHALMERS JOHNSON LAW FIRM, Charleston, South Carolina, for Appellant. Vincent A. Sheheen, SAVAGE, ROYALL & SHEHEEN, L.L.P., Camden, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Paul Shumpert appeals the district court's order accepting the report and recommendation of the magistrate judge, awarding summary judgment to Mancor Carolina, Inc., and dismissing his claim filed under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2000). Shumpert claims that the district court erred in applying the doctrine of res judicata to his claim on the basis of an order of dismissal from the South Carolina Court of Common Pleas dated July 20, 2000.

Under the doctrine of res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). It thereby precludes litigants from retrying issues that were or could have been raised in a prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). For the doctrine to apply, there must be: (1) a final judgment on the merits in the prior suit; (2) an identity of the cause of action; and (3) an identity of the parties or their privies. *Meekins*, 946 F.2d at 1057; *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990).

Shumpert concedes the second and third prongs of the standard, but asserts that the state court order of dismissal did not address the merits of his original claims. We agree.

Mancor moved to dismiss the state court action, raising two defenses: improper venue and a lack of jurisdiction based on the South Carolina Workers' Compensation Act. *See* S.C. Code Ann. §§ 42-1-10 to 42-19-50 (Law. Co-op. 1985 & Supp. 2002). The state court granted the motion to dismiss. Because the text of the resulting order provides: "Def[endant]'s motion to dismiss is granted," we can only conclude that the district court granted the motion on one of the grounds raised by Mancor in its motion. Under the South Carolina Rules of Civil Procedure, a dismissal for lack of jurisdiction or improper venue does not carry a presumption that the dismissal is an adjudication of the merits of the claim. SCRCP 41(b). Contrary to the

suggestion in the magistrate judge's report, Shumpert argued in response to Mancor's summary judgment motion that the state court did not decide the case on the merits. There is nothing in the record from which we may infer that the state court addressed the merits of Shumpert's claims. Accordingly, we conclude that application of the res judicata doctrine was inappropriate under these circumstances.

We vacate the district court's order and remand for further proceedings. We express no opinion on the merits of Shumpert's claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*