**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1949

MARIE THERESE ASSA'AD-FALTAS, MD MPH,

Plaintiff - Appellant,

v.

PRESIDENT OF THE UNIVERSITY OF SOUTH CAROLINA, in his official
capacity,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Terry L. Wooten, District Judge.
(3:07-cv-00186-TLW)

Submitted: June 30, 2008          Decided: August 21, 2008

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marie Therese Assa'ad-Faltas, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Marie Therese Assa'ad-Faltas brought this 42 U.S.C. § 1983 (2000) action asking the Defendant to provide her with a certificate of completion for a University of South Carolina Medical School residency program in which she participated. Assa'ad-Faltas claimed she completed the residency program in 1993, but the University refused to issue a certificate of completion. She also contended that in 2007, the University unfairly denied her renewed request for a certificate of completion and her unsolicited offer to teach Arabic and Middle Eastern studies. She sought a change of venue and a preliminary injunction. The magistrate judge recommended denying relief, and the district court adopted that recommendation and dismissed the action. Assa'ad-Faltas timely appealed.

As the district court correctly concluded, Assa'ad-Faltas's claim regarding the University's refusal to give her a certificate of completion for the residency program was previously challenged by Assa'ad-Faltas without success. See Assa'ad-Faltas v. Univ. of S.C., No. 96-2159(L), 1998 WL 792209 (4th Cir. Nov. 16, 1998) (unpublished), cert. denied, 528 U.S. 922 (1999). Thus, this claim is barred by the doctrine of res judicata. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). This is so even though the prior action was dismissed with prejudice based on Assa'ad-Faltas's failure to comply with discovery and her

- 2 -

abusive demeanor during a deposition, rather than on the merits of her claims.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 686 (9th Cir. 2005) (holding, in res judicata context, that "'final judgment on the merits' is synonymous with 'dismissal with prejudice'").  Moreover, the claim is barred by the applicable three-year statute of limitations.  See S.C. Code Ann. § 15-3-530(5) (2005); Wilson v. Garcia, 471 U.S. 261, 266-69 (1985).  The district court properly denied Assa'ad-Faltas's request for injunctive relief in light of the lack of merit of her claim.

Assa'ad-Faltas contends that she was injured anew by the University's 2007 denial of her request for the certificate of completion.  However, the statute of limitations may not be evaded by simply renewing a request for relief after the limitations period has expired.  Further, although the University's denial of Assa'ad-Faltas's unsolicited offer to teach Arabic and Middle Eastern studies occurred within the limitations period and has not been previously litigated, the University was under no obligation to accept, or even to consider, Assa'ad-Faltas's offer.  In the absence of a duty, no liability can attach to the University's action.

Finally, the court properly denied Assa'ad-Faltas's request for change of venue because she has not shown, and the record does not reflect, any conflict of interest or extrajudicial

- 3 -

bias on the part of any judge who has participated in this case. See In re Beard, 811 F.2d 818, 826-27 (4th Cir. 1987).

Finding no error, we affirm the district court's order. We deny Assa'ad-Faltas's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED