**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-2545**

———————

LOUISE ROOT,

        Plaintiff – Appellant,

    v.

COUNTY OF FAIRFAX,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:12-cv-01148-CMH-IDD)

———————

Submitted: September 30, 2013     Decided: October 10, 2013

———————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Richard E. Gardiner, Fairfax, Virginia; Paul A. Prados, DAY & JOHNS, PLLC, Fairfax, Virginia, for Appellant. Karen L. Gibbons, OFFICE OF THE COUNTY ATTORNEY, Fairfax, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louise Root appeals from the district court's order dismissing her civil action against the County of Fairfax ("County") seeking just compensation under the Fifth Amendment for the alleged taking of Root's personal property for public use. The district court granted the County's motion to dismiss based on res judicata and the statute of limitations. Finding no error in the dismissal, we affirm.

In December 2004, the County seized several of Root's companion animals and petitioned for a hearing on their welfare. After numerous proceedings in the Fairfax County district and circuit courts, it was determined that Root was entitled to return of the animals. In 2008, Root filed a complaint in the Fairfax County Circuit Court against the County and eight individual defendants by whom her animals had been adopted. In the 2008 action, Root sought an injunction ordering the return of the animals to her under Va. Code Ann. § 8.01-620 and alleged a Fifth Amendment due process violation under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (2006). The County removed the action to federal district court. The district court dismissed Root's § 1983 due process claim against the County and remanded the claim for injunctive relief to the state court. Root appealed the district court's order and the County filed a cross-appeal of the portion of the order remanding the

2

claim for injunctive relief. We affirmed the district court's order, concluding that there was no due process violation and that the court did not abuse its discretion in declining to exercise supplemental jurisdiction.

After the case was remanded to the circuit court, the County was dismissed as a party. The circuit court permitted Root to amend her 2008 complaint to convert it to an action in detinue against the four remaining individual defendants to whom five of the dogs had been transferred by the County. In September 2011, Root's motion for summary judgment against the individual defendants was granted. The court determined that Root was entitled to possession of the animals and ordered a hearing to determine which of the animals was living and to direct that any living animals in the possession of the individual defendants be returned to Root. Only one animal was living and it was returned to Root.

In October 2012, Root filed a new complaint against the County in the Eastern District of Virginia. The complaint alleged that upon the Fairfax County Circuit Court's determination that the individual defendants were not lawfully entitled to possession of Root's animals, and the animals, except one, were not returned to her and she did not receive compensation for their value as personal property, the County violated the Takings Clause of the Fifth Amendment by taking her

3

private property for a public purpose and without just compensation.

The County filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim based on res judicata and the statute of limitations. The district court held a hearing on the motion and ruled from the bench that Root's 2012 complaint was barred by res judicata and the statute of limitations. The court dismissed the action and Root timely appealed.

Root argues that there was no previous judgment on whether there was a proper taking that entitled her to compensation; the 2008 Fifth Amendment due process claim does not involve her Fifth Amendment Takings Clause claim; and the takings claim did not arise out of the same series of transactions as the 2008 due process claim, nor did it arise out of the same core of operative facts. She further asserts that the takings claim was not ripe until she learned of the animals' demise.

By "precluding parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine of res judicata minimizes "the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553

4

U.S. 880, 892 (2008) (internal quotations omitted). "However, res judicata does not bar claims that did not exist at the time of the prior litigation." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). A party invoking res judicata must establish three elements: (1) a previous final judgment on the merits, (2) identical parties in the two actions, and (3) the claims in the later action are based upon the same cause of action in the earlier proceeding. In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996).

Root contends that there is no final judgment on the takings claim, therefore there is no final judgment on the merits. However, this raises the same issue as the third prong: whether the new claim arises from a series of transactions or operative core facts that were the same as those involved in the earlier proceeding. If the claim is a new claim, then there is not a judgment on it. Identical claims exist if the two claims "arise out of the same transaction or series of transactions or the same core of operative facts." Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004). While typically it is a new factual development that gives rise to a fresh cause of action, see, e.g., Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955), changes in law can also have that effect. A second action based on a newly applicable law may be justified and

5

defeat res judicata. See Clodfelter v. Republic of Sudan, 720 F.3d 199, 210-11 (4th Cir. 2013).

However, the bar includes those claims that "existed at the time of the first suit and 'might have been offered' in the same cause of action . . . ." Aliff v. Joy Mfg. Co., 914 F.2d 39, 43-44 (4th Cir. 1990). "Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (internal quotation marks omitted).

Root's Takings Clause claim is not based on a newly applicable law, nor is it a newly cognizable claim. She could have filed this claim at the time she filed for relief in 2008 under § 1983. The fact that the animals at issue in this action have died is not an operative fact because the Takings Clause claim was an available remedy at the time of the 2008 filing. The fact that the animals have now died is unrelated to the County's initial removal or taking of the animals. The taking was the removal of the animals, not their subsequent death.

We conclude that the core operative facts have not changed since the denial of the original claim and conclude that the Takings Clause claim arises from operative facts that are not separate and distinct from those underlying Root's initial

6

claim in 2008.  Therefore, the new claim is not a new cause of action.

In light of the holding that Root's Fifth Amendment claim under the Takings Clause is barred by res judicata, we need not consider the district court's additional holding that the claim is also barred by the statute of limitations.  We therefore affirm the district court's order dismissing the action solely on the basis of res judicata.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED