Leon NEUFELD

v.

The CITY OF BALTIMORE, et al.

Civ. No. HM–87–1383.

United States District Court,
D. Maryland.

Jan. 29, 1993.

William Seekford, Baltimore, MD, for plaintiff.

Michael G. Raimondi, Sandra R. Gutman, Baltimore, MD, for defendants.

## MEMORANDUM

HERBERT F. MURRAY, Senior District Judge.

In order to receive a wider variety of television stations, the plaintiff, Leon Neu-

feld, installed a solid, ten-foot-wide, receive-only satellite dish in the front yard of his home in the city of Baltimore, Maryland ("the City"). The following month, Neufeld received notice that his satellite dish violated then-existing zoning ordinances. Eleven criminal convictions later, Neufeld removed the dish and instituted this suit. Presently before this Court are the motion of the defendants to dismiss and the motion of the plaintiff for partial summary judgment.

## I. *FACTUAL SUMMARY*

On March 31, 1984, Neufeld installed his satellite dish on a pole in the front yard of his home. However, Neufeld failed to obtain a permit from the Board of Municipal and Zoning Appeals ("the Board") for the dish, *see* Baltimore City, Md., Code art. 30, § 4.1–1c (1983), and also failed to position his dish outside of the required thirty-foot setback for his residential (R–1) area. *See id.* § 4.1–2b (requires front and back yard depths of thirty feet). After the City notified him of these violations of the applicable zoning ordinances, Neufeld appealed to the Board and asked the Board for a conditional use permit for the dish. The Board denied that request and upheld the notice of violation. Neufeld appealed again on September 17, 1984, and the Circuit Court for Baltimore City affirmed the Board's decision on March 5, 1985, per Judge Thomas Ward.[1]

On January 23, 1985, apparently in connection with the sale of a cable television franchise to United Cable of Baltimore, the City passed Ordinance 266, which imposed stricter limitations on the placement and size of satellite dishes within the City. In particular, Ordinance 266 requires that satellite dishes must be less than six feet wide whether mounted on buildings or free-standing, as Neufeld's was. *See* Baltimore City, Md., Code art. 30, § 4.1–1b.1a, .1b (1985). Under Ordinance 266, other radio and television antennae, not including satellite dishes, could extend as much as twelve feet above the buildings on which they are mounted. *Id.*

§ 4.1–1. Finally, Ordinance 266 permits some entities, including schools, museums, churches, hotels, and taverns, to erect free-standing satellite dishes up to twelve feet wide. *Id.* § 4.1–1c.

On October 8, 1985, the City filed criminal charges against Neufeld for violating the ordinances. Neufeld was convicted and fined $100. On appeal of that conviction before the Circuit Court for Baltimore City, Neufeld argued that the provisions of Ordinance 266 relating to satellite dishes were preempted by regulations promulgated by the Federal Communications Commission ("FCC"), and alternatively, that the provisions were prohibited by the First and Fourteenth Amendments to the United States Constitution. On September 22, 1986, the circuit court affirmed Neufeld's conviction, per Judge Mary Arabian. Several days later, Neufeld was convicted for ten more violations of the zoning ordinances, per Judge Theodore Oshrine. Finally, Neufeld dismantled the dish and filed this action. In addition to a constitutional attack on the ordinances, Neufeld asserted claims for damages under 42 U.S.C. §§ 1983 and 1985 in connection with the prosecutions and the compelled dismantling of his dish.

After the filing of the present motions, this Court raised *sua sponte* the issue of abstention under the doctrine of *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and subsequently dismissed the case on that ground. A panel of the Fourth Circuit reversed that dismissal, *Neufeld v. City of Baltimore,* 964 F.2d 347 (4th Cir. 1992), and remanded the case "for consideration of Neufeld's claim on its merits." *Id.* at 351.

## II. *MOTION TO DISMISS*

Neufeld argues that the remand order indicates that the Fourth Circuit must have considered the arguments presented in the defendants' motion to dismiss and found them wanting. This Court agrees, but jus-

1. Although Judge Ward is a brother-in-law of the undersigned judge, that fact neither affects the impartiality of this Court nor requires recusal. 28 U.S.C. § 455. Nevertheless, at a conference held in chambers, this Court made the parties aware of the familial relationship. Neither side noted an objection. *See Sierra Club v. Simkins Indus., Inc.,* 847 F.2d 1109, 1116–17 (4th Cir. 1988).

tice requires a more detailed explanation, so that the defendants will know exactly where their arguments went off the tracks. Accordingly, before reaching the merits of the plaintiff's motion for partial summary judgment, this Court briefly will address the defendants' motion to dismiss.

### A. Naming a Proper Party

■ In his complaint, Neufeld named the following parties as defendants:

THE CITY OF BALTIMORE, and THE MAYOR and CITY COUNCIL of the CITY OF BALTIMORE, in their official capacities and their successors in title; City Hall, Baltimore, Md. 21202

and

THE BOARD OF MUNICIPAL AND ZONING APPEALS OF BALTIMORE CITY; 222 E. Saratoga Street; Baltimore, Md. 21202

and

ROBERT E. SMITH as Director of the Office of Communication and Cable of the City of Baltimore.

Complaint at 1. The defendants argue that the plaintiff should have named "The Mayor and City Council of Baltimore City" as the defendant with the capacity to sue and be sued, instead of "The City of Baltimore." Clearly, the plaintiff named both entities, and the defendant does not allege failure of notice or any other prejudice resulting from the arguably improper inclusion of "The City of Baltimore" in the complaint. Therefore, the defendants' hypertechnical pleading defense must fail based on the principle, embodied in Federal Rules of Civil Procedure, that the purpose of pleading is to facilitate a proper decision on the merits. *See Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957).[2]

### B. Res Judicata

■ Arguing that the state court decided the issues raised in this case during the 1986 criminal proceedings, the defendants maintain that Neufeld is barred. in this case by doctrine of *res judicata.* The doctrine of

*res judicata,* or 'claim preclusion,' holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Meekins v. United Transportation Union,* 946 F.2d 1054, 1057 (4th Cir.1991). The rule promotes judicial efficiency by lending the stamp of finality to claims once litigated. *United States v. Tatum,* 943 F.2d 370, 381 (4th Cir.1991). However, in this case, the parties to the state criminal proceedings included only Neufeld and the State of Maryland, and the only claim litigated in those proceedings involved Neufeld's guilt of the charged zoning violations. *Res judicata* therefore does not apply in this case. *Meekins,* 946 F.2d at 1057–58.

■ The defendants might have intended to assert the related doctrine of collateral estoppel, or 'issue preclusion,' which applies to narrower portions of an action than does *res judicata. Tatum,* 943 F.2d at 382. Under that doctrine, the decision of a court on an issue of fact or law necessary to a judgment will preclude relitigation of the same issue in a subsequent action involving one of the parties to the first suit. *Allen,* 449 U.S. at 94, 101 S.Ct. at 414. Thus, under the doctrine of collateral estoppel, an issue necessarily decided in a criminal conviction can have preclusive effect in later civil proceedings. *Moore v. United States,* 360 F.2d 353, 355 (4th Cir.1966). The defendants bear the burden of proof on the issue of estoppel. *E.g., Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990). In this case, the plaintiff denies that any of the state judges ever directly addressed the issues raised in this case, and the defendants have failed to submit any evidence to support their arguments to the contrary. Therefore, the doctrine of collateral estoppel does not bar this case.

### C. Failure to Exhaust Administrative Remedies

■ The defendants argue that Neufeld cannot attack the validity of Ordinance 266

---

2. Although the hypertechnicality of this defense certainly leaves something to be desired, this Court finds no evidence of an improper purpose

and so declines the plaintiff's invitation to impose sanctions pursuant to Fed.R.Civ.P. 11.

or the other amended ordinances because he never sought a variance under the provisions of those ordinances. Of course, in order to maintain his § 1983 action, Neufeld does not have to exhaust his administrative remedies. *Patsy v. Board of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982).

Moreover, with regard to his constitutional attack of the zoning ordinances, Maryland law does not require exhaustion when a plaintiff brings "a direct attack upon the power or authority (including whether it was validly enacted) of the legislative body to adopt the legislation from which relief is sought." *Harbor Island Marina, Inc. v. Board of County Comm'rs,* 286 Md. 303, 308, 407 A.2d 738 (1979). In this case, Neufeld maintains that FCC regulations preempt the zoning ordinances; accordingly, he need not seek a variance as a prerequisite to this lawsuit.

## III. *MOTION FOR PARTIAL SUMMARY JUDGMENT*

As noted above, the plaintiff filed a motion for partial summary judgment. Comprehensive in scope, the motion seeks a declaratory judgment that the satellite dish zoning ordinance at issue in this case is unconstitutional, both on its face and as applied to the plaintiff, because (1) it represents (a) a prior restraint, (b) an overbroad restriction, and (c) an unreasonable prohibition of speech-related activity, all in violation of the First and Fourteenth Amendments; (2) it represents arbitrary and discriminatory class legislation in violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) it is preempted by regulations promulgated by the FCC; Neufeld also seeks a declaratory judgment that the defendants deprived him of his rights under the laws and Constitution of the United States, and lastly, that he once again may install his satellite dish in his front yard. Further, the plaintiff requests an injunction (1) enjoining the defendants from enforcing the ordinance; (2) ordering restitution by the defendants of all fines paid by the plaintiff; and (3) ordering

the payment of attorneys' fees pursuant to 42 U.S.C. § 1988. Finally, the plaintiff's motion seeks summary judgment on his claims under 42 U.S.C. § 1983 on the issue of liability.[3]

### A. Standing

 As noted above, the Fourth Circuit remanded this case for consideration of the plaintiff's claims on their merits. At a hearing on these motions, this Court inquired about the effect on this case of the decision by the Maryland Court of Appeals in *Olsen v. Mayor and City Council of Baltimore,* 321 Md. 324, 582 A.2d 1225 (1990). In that case, the plaintiff, Samuel R. Olsen, sought approval to maintain a ten-foot-wide satellite dish on the roof of his home in the Federal Hill neighborhood of the City. Olsen proved at trial that the surrounding buildings prevented him from locating his dish anywhere but on the roof, and that an eight- to ten-foot-wide antenna was necessary for adequate reception; also at trial, Olsen's neighbors testified in opposition to his plan to install the dish antenna.

Finding that the dish violated both the City's satellite dish zoning ordinance (at issue in the case at bar) as well as an urban renewal ordinance that prohibited all rooftop installations that could be seen from the street, the Board denied the request. On appeal, Olsen argued that § 25.104 preempted the satellite dish zoning ordinance. However, noting that Olsen's antenna also violated the independent urban renewal ordinance, the Court of Appeals declined to decide the preemption issue and affirmed the decision of the Board. *Olsen,* 321 Md. at 331–32, 582 A.2d 1225.

In this case, Neufeld has presented unrebutted evidence that the high cost of clearing trees from his and neighboring property prevented him from locating his dish anywhere but in his front yard, and that a ten-foot-wide antenna was necessary for adequate reception. Also, Neufeld's dish antenna violated the independent setback ordinance prohibit-

---

**3.** Given the scope of the motion, and the absence therein of any mention of the plaintiff's claims under 42 U.S.C. § 1985, this Court will consider those claims abandoned, especially in light of the absence of any evidence that the defendants participated in a conspiracy. *Buschi v. Kirven,* 775 F.2d 1240, 1257 (4th Cir.1985).

ing all installations in front of the home within thirty feet of the lot line. Baltimore City, Md., Code art. 30, § 4.1–2b (1983). Based on the reasoning in *Olsen*, this Court concludes that Neufeld lacks standing to challenge his convictions under the satellite dish zoning ordinance, because his satellite dish independently violated the setback ordinance. Therefore, this Court will deny the motion of the plaintiff for partial summary judgment (1) on the request for a declaratory judgment (a) that the satellite dish zoning ordinance at issue was unconstitutional on any ground as applied to him, (b) that the defendants deprived him of his rights under the laws and Constitution of the United States, and (c) that he may install his satellite dish in his front yard; (2) on his request for an injunction ordering restitution by the defendants of all fines paid by him; and (3) on his request for summary judgment on his claims under 42 U.S.C. § 1983 on the issue of liability.

In sum, whether or not the satellite dish antenna zoning ordinance, before or after amendment in January 1985, validly applied to the satellite dish in the plaintiff's front yard makes no difference. Neufeld's antenna violated the setback ordinance, § 4.1–2b, and therefore the Board could require Neufeld to dismantle it without depriving him of any of his civil rights. Of course, in the absence of liability under § 1983, this Court may not award attorneys' fees under § 1988. *See Hanrahan v. Hampton*, 446 U.S. 754, 756, 100 S.Ct. 1987, 1988, 64 L.Ed.2d 670 (1980) ("[t]he statute ... permits the award of attorney's fees only to a 'prevailing party'").

## B. Constitutional Challenge

▓▓▓▓ In light of the foregoing, the only claim remaining to be considered is the plaintiff's challenge that the satellite dish zoning ordinance (Ordinance 266) is unconstitutional on its face. Neufeld has standing to bring this claim in light of the fact, reflected in the record, that he *could* put his ten-foot-wide satellite dish antenna elsewhere on his property after clearing some of the trees on his and neighboring property, but for the threat

of prosecution under Ordinance 266.[4] Because Ordinance 266 prevents Neufeld from installing his satellite dish anywhere on his property, the plaintiff may bring this challenge to the constitutionality of the zoning ordinance.

On that issue, simply stated, "the Baltimore City Zoning Code relating to the use of satellite receive-only antennas is preempted by the FCC regulation [§ 25.104]." *Olsen*, 321 Md. at 334, 582 A.2d 1225 (Eldridge, J. concurring). In the Communications Satellite Act of 1962, Congress conferred authority on the FCC to regulate in the area of satellite communications, 47 U.S.C. § 721, and there is no question about the power of the FCC to preempt local regulations. *See Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691, 698–700, 104 S.Ct. 2694, 2699–2701, 81 L.Ed.2d 580 (1984).

The FCC regulation relevant to this case provides:

> State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations:
>
> (a) Have a reasonable and clearly defined health, safety or aesthetic objective; and
>
> (b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.

47 C.F.R. § 25.104 (1986). Ordinance 266 differentiates between satellite dish antennas and other types of radio and television antennas. Further, leaving aside the issue of whether Ordinance 266 contains "a reasonable and clearly defined health, safety or aesthetic objective," the evidence in this record shows that one needs an eight- to twelve-foot wide satellite dish antenna for adequate reception; because Ordinance 266 permits satellite dish antennas mounted on buildings in residential (R–1) districts only between four and six feet in diameter and projecting no more than six to eight feet from the

---

4. Apparently, the plaintiff hoped to avoid the costs of such a landscaping project.

buildings on which they are mounted, and permits free-standing satellite dish antennas only when less than six feet in diameter and when less than ten feet in height, see Baltimore City, Md., Code art. 30, § 4.1–1b, Ordinance 266 clearly imposes an unreasonable limitation on the reception of satellite delivered signals.[5]

## III. CONCLUSION

This Court will deny the defendants' motion to dismiss, and will grant in part and deny in part the plaintiff's motion for partial summary judgment. As noted above, the holding of the Maryland Court of Appeals in *Olsen v. Mayor and City Council of Baltimore*, 321 Md. 324, 582 A.2d 1225 (1990), precludes Neufeld's claims in connection with his criminal convictions and the dismantling of his satellite dish. Because the satellite dish antenna, as installed, violated the facially neutral and constitutionally unassailable setback ordinance, the Board had authority to order the plaintiff to remove it.

Finally, as discussed above in greater detail, the plaintiff successfully has challenged Ordinance 266. 47 C.F.R. § 25.104 preempts the Baltimore City Zoning Code as it relates to the use of satellite dishes in residential areas. Accordingly, this Court will grant the plaintiff's motion to the extent that it seeks a declaratory judgment that Ordinance 266 is preempted and an injunction enjoining the enforcement of that ordinance in the future. This Court will execute an Order on this date in accordance with the foregoing Memorandum.

### ORDER

In accordance with the Memorandum issued on this date in the above-captioned case, it is this 29th day of January, 1993, by the United States District Court for the District of Maryland,

**ORDERED:**

(1) that the motion of the defendants, City of Baltimore, Mayor and City Council of the City of Baltimore, Board of Municipal and Zoning Appeals of Baltimore City, and Rob-

ert E. Smith, to dismiss be, and the same hereby is, *Denied;*

(2) that the motion of the plaintiff, Leon Neufeld, for partial summary judgment be, and the same hereby is, *Granted in Part* and *Denied in Part;*

(3) that the plaintiff be, and the same hereby is, *Entitled* to the following declaration:

To the extent that it prevents individuals living in residential (R–1) districts from installing satellite receive-only antennas between eight and twelve feet in diameter, the Baltimore City Zoning Code imposes an unreasonable limitation on, or prevents, reception of satellite delivered signals by satellite receive-only antennas, and thus is preempted by 47 C.F.R. § 25.104, a regulation of the Federal Communications Commission.

(4) that the defendants, The City of Baltimore, the Mayor and City Council of the City of Baltimore, the Board of Municipal and Zoning Appeals of Baltimore City, and Robert E. Smith, Director of the Office of Communication and Cable of the City of Baltimore, be, and the same hereby are, *Enjoined* from enforcing the Baltimore City Zoning Code to prevent individuals living in residential (R–1) districts from installing satellite receive-only antennas between eight and twelve feet in diameter; and

(5) that the Clerk of the Court shall mail a copy of this Order with the accompanying Memorandum to all of the parties.

---

5. In contrast, § 25.104 does not preempt the setback ordinance in this case. That ordinance applies equally to all antennas, whether of the satellite dish or some other variety.