**Leon NEUFELD**

v.

**The CITY OF BALTIMORE, et al.**

**No. 87–1383.**

United States District Court,
D. Maryland.

April 14, 1994.

---

William E. Seekford, Towson, MD, for plaintiff.

Michael G. Raimondi, Baltimore, MD, for defendant.

### MEMORANDUM

HERBERT F. MURRAY, Senior District Judge.

The plaintiff, Leon Neufeld, erected a solid, ten-feet-wide receive-only satellite dish in his front yard. Thereafter, the plaintiff's satellite dish was found to violate the thirty feet front yard setback provision and an ordinance requiring a special permit to install the dish. Neufeld instituted the present suit after receiving eleven criminal convictions for these violations. In *Neufeld v. City of Baltimore*, 820 F.Supp. 963 (D.Md.1993), this Court held that Ordinance 266, as to the size restrictions for satellite dishes, was preempted by regulations of the Federal Communications Commission ("FCC"). Presently before this Court is defendants' motion for summary judgment, plaintiff's motion for reconsideration and plaintiff's motion for summary judgment on the remaining issues.

### I. *FACTUAL BACKGROUND*

Neufeld resides in a single family residence (designated as R–1 district) in Baltimore City ("the City"). On March 31, 1984, Neufeld installed a satellite dish on a pole, fifty-five feet in front of his house. At that time, the erection of a satellite dish qualified as a "conditional use" in need of a special

permit authorized by the Board of Municipal and Zoning Appeals of Baltimore City ("the Board"). *See* Baltimore City, Md., Code art. 30, § 4.1–1c (1983). In addition, the zoning regulations for the R–1 district require, unless specifically allowed, a setback of thirty feet of unobstructed yards from the ground level to the sky from the front lot line. *Id.* at § 4.0–2b, 4.1–2b. On April 11, 1984, Neufeld received a "Notice of Zoning Violation" for installing a satellite antenna within the setback provision without the required permit. Subsequently, Neufeld requested a variance from this zoning violation to the Board. However, this request was denied. He appealed this decision but the Circuit Court of Baltimore City affirmed it. Neufeld did not dismantle his dish and on October 8, 1985, the City filed criminal charges against him for violating the zoning ordinances. He was convicted and fined $100.00. After ten more convictions, Neufeld dismantled his dish and filed the instant suit.

Later that year, the City enacted Ordinance 266 which imposed an even more restrictive set of regulations upon the size, height, and placement of satellite dish antennas. Ordinance 266 limits satellite dishes to 4 feet in diameter if of solid construction, as plaintiff's, and 6 feet in diameter if constructed of mesh or wire. *Id.* at § 4.1–1b.1a (Supp.1993). The size limitation is six feet for accessory free standing satellite dishes constructed of mesh or wire screen. *Id.* at § 4.1–1b.1b (Supp.1993). However, the Ordinance allows for radio and other non-satellite television antenna of any size as "accessory uses" up to twelve feet above the building they are mounted on. *Id.* at 4.1–1b.1 (Supp. 1993).

In *Neufeld*, 820 F.Supp. at 963, this Court denied defendants' motion to dismiss and granted in part and denied in part, plaintiff's motion for partial summary judgment. This Court held that:

> [b]ased on the reasoning in *Olsen* [*v. City of Baltimore*, 321 Md. 324, 582 A.2d 1225 (1990) ], this Court concludes that Neufeld lacks standing to challenge his convictions under the satellite dish zoning ordinance, because his satellite dish independently violated the setback ordinance. Therefore,

this Court will deny the motion of the plaintiff for partial summary judgment (1) on the request for a declaratory judgment (a) that the satellite dish zoning ordinance at issue was unconstitutional on any ground as applied to him, (b) that the defendants deprived him of his rights under the laws and Constitution of the United States, and (c) that he may install his satellite dish in his front yard; (2) on his request for an injunction ordering restitution by the defendants of all fines paid by him; and (3) on his request for summary judgment on his claims under 42 U.S.C. § 1983 on the issue of liability.

> In sum, whether or not the satellite dish antenna zoning ordinance, before or after amendment in January 1985, validly applied to the satellite dish in the plaintiff's front yard makes no difference. Neufeld's antenna violated the setback ordinance, § 4.1–2b, and therefore the Board could require Neufeld to dismantle it without depriving him of any of his civil rights. Of course, in the absence of liability under § 1983, this Court may not award attorneys' fees under § 1988. *See Hanrahan v. Hampton,* 446 U.S. 754, 756 [100 S.Ct. 1987, 1988, 64 L.Ed.2d 670] (1980) ("[t]he statute . . . permits the award of attorney's fees only to a 'prevailing party' ").

*Id.* at 968.

This decision had the effect of precluding all of Neufeld's claims except the one requesting declaratory judgment that the zoning ordinance is unconstitutional on its face. As to this claim, this Court held that Ordinance 266, to the extent that it prevented individuals living in residential (R–1) districts from installing satellite receive-only antennas between eight and twelve feet in diameter, it imposed an unreasonable limitation on, or prevented, reception of satellite delivered signals by satellite receive-only antennas. Therefore, this ordinance was preempted by 47 C.F.R. § 25.104, a regulation of the FCC.

## II. *MOTION TO RECONSIDER*

Plaintiff contends that the Court erred in ruling on the preemption issue without deciding whether Ordinance 266 contained a reasonable and clearly defined health, safety, or

aesthetic objective. Ordinances which differentiate between satellite receive-only antennas and other types of antennas are preempted by FCC regulations unless such regulations have a reasonable health, safety, and aesthetic objective *and* they do not impose an unreasonable limitation or cost to the user. 47 C.F.R. § 25.104 (1986). Both criteria must be met in order to avoid preemption of a zoning regulation that differentiates between satellite receive-only antennas and other types of antennas. The second criterion was not met since this Court found that Ordinance 266 imposed an unreasonable limitation as to the reception if the size was restricted to less than an eight foot wide satellite dish antenna. It was therefore unnecessary for this Court to review whether the ordinance had a reasonable objective.

This Court finds no merit in the remainder of Neufeld's arguments in support of this motion, since they are, in essence, the same arguments made by him in his motion for partial summary judgment. The Court will therefore not depart from or otherwise amend any of its prior rulings.

### III. *MOTION FOR SUMMARY JUDGMENT*

A motion for summary judgment should be granted only if there is "no genuine issue as to any material fact, and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment should be granted only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts. *Morrison v. Nissan Motor*

Co., 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). Nevertheless, a "mere scintilla of evidence" in favor of the non-moving party will not suffice to raise a genuine issue of material fact. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. For the purpose of deciding a motion for summary judgment, this Court must construe all facts and reasonable inferences in favor of the non-moving party on each count. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Gill v. Rollins Protective Services Co.*, 773 F.2d 592, 595 (4th Cir.1985).

Defendants' motion for summary judgment [1] seeks to close the instant case as a result of this Court's decision in *Neufeld*, 820 F.Supp. at 963. Defendants argue that all the issues in the complaint were resolved by this decision. Although this Court held that Neufeld does not have standing to bring any claims relating to his criminal violations because he violated the neutral setback provision, this Court will address plaintiff's claims related to his request for declaratory judgment that Baltimore City's zoning ordinance affecting satellite dishes is unconstitutional of its face.[2]

In his opposition, plaintiff advances the following arguments. First, Neufeld argues that the statute is unconstitutional on its face and preempted by federal regulation because it differentiates as to size, construction, and placement of satellite dishes and other types of antennas.[3] In addition, he contends that FCC regulations preempt the setback ordinance as it applies to satellite dishes, since setback ordinances vary among the various zoning districts. Plaintiff now raises the issue that his lot extends to the center of the

---

1. Neufeld has also filed a motion for summary judgment on the remaining issues. He advances the same arguments in this motion as the ones stated in his opposition to defendants' motion for summary judgment. As a practical matter, the following discussion will dispose of both of these motions.

2. As a result, this Court will reject plaintiff's argument and deny his motion for summary judgment as to the following claims:
   (a) that this Court failed to decide whether the denial of a special permit was reasonable;

(b) that the Court failed to decide the constitutional challenge as applied to the plaintiff; and
(c) that the Court erred in denying attorneys fees pursuant to 42 U.S.C. § 1988.

3. This Court's prior ruling already addressed the issue of the size restrictions on satellite dishes. In addition, plaintiff did not discuss the differentiation as to the height requirements for satellite antennas. Therefore, this Court will not address these issues.

fifty foot wide front roadway. As a result, Neufeld alleges that his satellite dish, at its original site, would have been within the thirty feet setback provision. This Court will address each argument in turn.

As to the placement of satellite dishes, zoning regulations state that "all required yards shall be unobstructed from ground level to the sky, except as allowed in Section 2.08m." Baltimore City, Md., Code art. 30, § 4.0–2b (1983). Local zoning ordinance 4.1–2b.1 regulates the erection of structures on the front lawn of R–1 property. *Id.* at § 4.1–2b.1. The front yard setback provision for the R–1 district is 30 feet. *Id.* Any solid satellite dish less than 4 feet in diameter or any mesh or wire screen satellite antenna less than 6 feet in diameter has to be attached to the rear half of the roof of the principal building at least five feet beyond the center line of the roof. *Id.* at § 4.1–1b.1a (Supp.1993). Any other mounted satellite dish constructed of solid or mesh material has to be installed on the front half of the roof, or on the rear half of the roof less than 5 feet beyond the center line. *Id.* at § 4.1–1c.1.1c (Supp.1993). The new bulk regulations state that satellite free-standing antennas[4] shall be situated no less than 5 feet from any lot line and not less than 10 feet from the nearest door or window of a principal use in the rear yard only. *Id.* § 2.0–8m. 14A (Supp.1993). No other type of antenna is so regulated.

The FCC regulation relevant to this case provides:

> State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations:
>
> (a) Have a reasonable and clearly defined health, safety or aesthetic objective; and
>
> (b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of

such antennas that are excessive in light of the purchase and installation cost of the equipment.

47 C.F.R. § 25.104 (1986).

In the present case, Ordinance 266 contains specific limitations on location that apply solely to satellite receive-only antennas. These restrictions place a heavy burden on owners of satellite dishes by extremely limiting the placement of the satellite dish which in turn directly affects the reception of signals. As a result, the ordinance must satisfy both subsections of the FCC regulation to avoid preemption.

Most district courts have held that unless the local government explicitly states the reasons in regulating the installation of satellite antennas, these regulations will be preempted. *Cawley v. City of Port Jervis,* 753 F.Supp. 128, 131–32 (S.D.N.Y.1990); *Village of Elm Grove v. Py, et al.,* 724 F.Supp. 612, 614 (E.D.Wis.1989); *Kessler v. Town of Niskayuna,* 774 F.Supp. 711, 715 (N.D.N.Y. 1991); *but see Van Meter v. Township of Maplewood,* 696 F.Supp. 1024, 1029 (D.N.J. 1988). Ordinance 266 does not explicitly set forth a health, safety, or aesthetic objective. Defendants have failed to submit any evidence or raise any arguments addressing this issue. In fact, defendants failed to submit an opposition to plaintiffs' motion for summary judgment on remaining issues or reply to plaintiff's opposition to the motion for summary judgment. Since the ordinance failed to meet the first criteria, it is preempted by FCC regulations. As a result, this Court finds that 47 C.F.R. § 25.104 preempts Ordinance 266 to the extent that it requires free standing satellite antennas to be placed within 5 feet from any lot line and 10 feet from the nearest window or door of principal use and mounted satellite dishes of solid or mesh constructions to be installed in the front or rear half of the roof.[5]

Plaintiff also argues that Ordinance 266 discriminates between the size of mounted and free standing satellite dishes constructed

---

4. Although not specifically stated in the regulation, this section is only applicable to free-standing antennas since they are the only ones that do not have other specific placement restrictions in other sections of the zoning regulations.

5. Of course, this ruling does not affect any other setback provision.

of solid or mesh material. This Court's ruling in *Neufeld,* 820 F.Supp. at 969, had the effect of enjoining defendants from preventing individuals in residential districts from installing satellite receive-only antennas, of any construction or material, between eight and twelve feet in diameter. As a result of this ruling, this claim is moot.

■ Neufeld also contends that since each district has a different setback ordinance, this differentiation has the effect of discriminating against satellite dish's owners between each district. This Court finds that this argument has no merit. Zoning by its definition is "the division of a city or town by legislative regulation into districts and the prescription and application in each district of regulations having to do with structural and architectural designs ... and ... use [of] buildings." Black's Law Dictionary 1618 (2nd ed. 1985) (citing *Cheyenne Airport Bd. v. Rogers,* 707 P.2d 717, 726). To argue that all setback ordinances have to be the same in relation to satellite dishes is absurd.

Finally, plaintiff argues that the satellite dish at its original location did not violate the setback ordinance. He now contends that, pursuant to Md. Real Property Code Ann. § 2–114 (1988),[6] his front lot line extends to the center of the front roadway. Defendants have also failed to address this issue. This Court finds that further briefing on this issue is needed before a ruling can be made. At the present time, a hearing is not necessary. However, the parties shall submit supplemental briefs on this issue in accordance with the schedule set forth in the accompanying Order.

## IV. *CONCLUSION*

For the reasons stated herein, this Court will grant in part and deny in part defendant's motion for summary judgment. Ac-

cordingly, Neufeld does not have standing to bring any claims relating to his criminal violations because he violated the neutral setback provision. In addition, this Court will grant in part and deny in part plaintiff's motion for summary judgment; and deny plaintiff's motion for reconsideration. 47 C.F.R. § 25.104 preempts the Baltimore City Zoning code as it relates to the placement of satellite dishes in residential areas. Therefore, this Court will grant plaintiff's request for declaratory judgment as it relates to the placement of satellite dishes and will issue an injunction enjoining the enforcement of that ordinance in the future. This Court will enter a separate Order in accordance with the foregoing Memorandum.

## *ORDER*

In accordance with the foregoing Memorandum, it is this 14th day of April, 1994, by the District Court for the District of Maryland,

ORDERED:

(1) that the motion of the defendants for summary judgment be, and the same hereby is, *Granted in part* and *Denied in part* as follows:

> (a) *Granted* as to plaintiff's request for a declaratory judgment that:
>
> > (i) the satellite dish zoning ordinance at issue is unconstitutional on any ground as applied to him; and
> >
> > (ii) that the plaintiff was deprived of his rights under the laws and Constitution of the United States;
>
> (b) *Granted* as to plaintiff's request that he is entitled to an injunction and to restitution by the defendants of all fines paid by him; and
>
> (c) *Granted* as to plaintiff's claims under 42 U.S.C. § 1983 on the issue of liability

---

**6.** Section 2–114(a) and (b) provide that:

> (a) *In general*—Except as otherwise provided, any deed, will, or other instrument that grants land binding on any street or highway as 1 or more of the lines thereof, shall be construed to pass to the devisee, donee, or grantee of all the right, title, and interest of the devisor, donor, or grantor ... in the street or highway for that portion on which it binds.

> (b) *Property on opposite sides of street*—If the transferor owns other land on the opposite side of the street or highway, the deed, will, or other instrument shall be construed to pass the right, title, and interest in the transferor only to the center of that portion of the street or highway upon which the 2 or more tracts coextensively bind.

Md. Real Property Code Ann. § 2–114(a), (b) (1988).

and on the issue of attorney's fees under 42 U.S.C. § 1988.

(2) that the motion of the plaintiff for reconsideration be, and the same hereby is, *Denied;*

(3) that the motion of the plaintiff for summary judgment on the remaining issues be, and the same hereby is, *Granted in Part* and *Denied in Part;*

(4) that the plaintiff be, and the same hereby is, *Entitled* to the following declaration:

As a result, this Court finds that 47 C.F.R. § 25.104, a regulation of the Federal Communications Commission, preempts Ordinance 266 to the extent that it requires individuals living in residential (R–1) districts to install free-standing satellite antennas within 5 feet from any lot line and 10 feet from the nearest window or door of principal use and mounted satellite dishes of solid or mesh constructions to be installed in the front or rear half of the roof.

(5) that the defendants be, and the same hereby are, *Enjoined* from enforcing the Baltimore City Zoning Code to prevent individuals living in residential (R–1) districts from installing satellite receive-only antennas in accordance with this Court's Memorandum and Order;

(6) that on May 2, 1994, the plaintiff shall submit to this Court a supplemental brief on the issue of whether his satellite dish, at its original location, did not violate the setback ordinance pursuant to Md. Real Property Code Ann. § 2–114 (1988); that the defendant shall submit an opposition to plaintiff's brief on May 16, 1994; and that the plaintiff can file a reply on May 25, 1994.