70 F.3d 1262
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leon NEUFELD, Plaintiff-Appellant,
v.
CITY OF BALTIMORE; Mayor and City Council of Baltimore
City; Board of Municipal and Zoning Appeals of Baltimore
City; Robert E. Smith, as Director of the Office of
Communications and Cable of the City of Baltimore; all of
the above in their official capacities and their successors
in title, Defendants-Appellees.
 No. 94-2577.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1995
Decided Dec. 5, 1995
 
 ARGUED: William Edward Seekford, Towson, Maryland, for Appellant. Michael George Raimondi, Assistant City Solicitor, Baltimore, Maryland, for Appellees.
 Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Leon Neufeld appeals decisions of the district court granting summary judgment against him in this action challenging the constitutionality of Baltimore city ordinances regulating the placement of a satellite dish on his residential property. We conclude that Baltimore, Md., City Code art. 30, Secs. 4.0-2(b)(1), 4.1-2(b)(1) (1983), providing for a 30-foot setback line in the front yard of single-family detached dwellings zoned R-1, does not impermissibly infringe upon Neufeld's First Amendment rights. Accordingly, we affirm the judgment of the district court.
 
 I.
 
 2
 On March 31, 1984, Neufeld installed a ten-foot wide satellite dish within 30 feet of the road in the front yard of his Baltimore, Maryland home. Soon afterward, Baltimore zoning officials notified him that the satellite dish as installed violated city zoning ordinances requiring approval for freestanding satellite dishes, see Baltimore, Md., City Code art. 30, Secs. 4.1-1(c)(1), 11.0-3(c) (1983), and providing for a 30-foot front yard setback line, see id. Secs. 4.0-2(b)(1), 4.1-2(b)(1). Neufeld unsuccessfully appealed the notice of violation. He also sought a conditional-use permit and a special exception that would have allowed him to maintain the dish in his front yard. Despite the refusal of city zoning officials to grant him a permit or special exception and the subsequent denials of his appeals from these decisions, Neufeld refused to remove the satellite dish. Thereafter, Neufeld was convicted on 11 occasions for violations of the zoning ordinances relating to satellite dishes and fined a total of $1,100. Threatened with continuing prosecution, Neufeld eventually dismantled the satellite dish in September 1986.
 
 
 3
 In May 1987, Neufeld filed this action pursuant to 42 U.S.C.A. Sec. 1983 (West 1994) against the City of Baltimore and others,[1] claiming that various provisions of the city zoning ordinances regulating the placement of satellite dishes violated his First and Fourteenth Amendment rights and were preempted by a Federal Communications Commission (FCC) regulation. The district court granted the City's motion for summary judgment on Neufeld's constitutional claims,[2] holding that the 30-foot front yard setback provision was "facially neutral and constitutionally unassailable," that Neufeld lacked standing to raise the remaining constitutional challenges, and that Neufeld was not a prevailing party entitled to attorney's fees pursuant to 42 U.S.C.A. Sec. 1988(b) (West 1994). Neufeld v. City of Baltimore, 820 F.Supp. 963, 969 (D.Md.1993); Neufeld v. City of Baltimore, 863 F.Supp. 255 (D.Md.1994). From these decisions, Neufeld appeals.[3]
 
 II.
 
 4
 Neufeld first asserts that the 30-foot front yard setback provision imposes an unconstitutional burden on his First Amendment right to receive information. See Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 390 (1969) (holding First Amendment protects public's right to receive "suitable access" to ideas via broadcasts). We cannot agree.
 
 
 5
 The 30-foot front yard setback requirement is content-neutral. Section 4.1-2(b)(1) requires at least a 30-foot front yard, and section 4.0-2(b)(1) provides that "[a]ll required yards shall be unobstructed from ground level to the sky--except as allowed in section 2.0-8(m)." Baltimore, Md., City Code art. 30, Secs. 4.0-2(b)(1), 4.1-2(b)(1). Section 2.0-8(m) provides that "[e]xcept for the specified projections and obstructions listed below, every part of a required yard or other required open space shall be open and unobstructed to the sky." Baltimore, Md., City Code art. 30, Sec. 2.0-8(m) (1983). This ordinance lists such objects as arbors, fences of certain heights, lawn furniture, trees, and porches as items that may be located in required yards. There simply is no argument that the 30-foot front yard setback provision is " 'justified [by] reference to the content of the regulated speech.' " City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 48 (1986) (quoting Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 771 (1976)); see also Turner Broadcasting Sys., Inc. v. FCC, 114 S.Ct. 2445, 2459 (1994) ("[L]aws that confer benefits or impose burdens on speech without reference to the ideas or views expressed are in most instances content-neutral.").
 
 
 6
 Analyzed as a content-neutral time, place, and manner regulation, the 30-foot front yard setback provision is constitutional "so long as [it is] designed to serve a substantial governmental interest and do[es] not unreasonably limit alternative avenues of communication." City of Renton, 475 U.S. at 47. The City's avowed purpose for the setback provision is to further its efforts to maintain open and uncluttered spaces for aesthetic purposes and to promote general welfare. See Baltimore, Md., City Code art. 30, pmbl. (1983). Enhancing aesthetic characteristics of a city is a substantial governmental interest. See Members of the City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 805 (1984); Johnson v. City of Pleasanton, 982 F.2d 350, 353 (9th Cir.1992) (upholding constitutionality of height, screening, and setback requirements for satellite dishes as reasonable time, place, and manner restrictions; "[t]he Ordinance serves the substantial governmental interest in public safety and aesthetic values").
 
 
 7
 And, the City reasonably could have believed that a 30-foot front
 
 
 8
 yard setback for single-family detached dwellings in R-1 districts would enhance the aesthetic value of Baltimore. Cf. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1311 (4th Cir.1995) (government meets its burden of justifying an ordinance if it shows "that the legislative body could reasonably have believed, based on data, studies, history, or common sense, that the legislation would[serve] a substantial governmental interest").
 
 
 9
 Further, adequate alternative avenues of communication are available. First, after allowing for the 30-foot front yard setback, ample square footage remains on which a satellite dish could be placed. See Baltimore, Md., City Code art. 30, Sec. 4.1-2(a)(1) (1983) (setting minimum lot size for single-family dwellings at 7,300 square feet).[4] Second, Neufeld's affidavit establishes the availability of cable television service providing 30 basic channels and up to seven premium channels. Thus, a wide variety of television programming is available.
 
 
 10
 In sum, the 30-foot setback provision is a content-neutral time, place, and manner restriction that serves a substantial governmental interest and provides adequate alternative avenues for communication. As such, the front yard setback provision does not violate Neufeld's First Amendment rights.[5]
 
 AFFIRMED
 
 
 [1]
 Neufeld named as other defendants the Mayor and City Council of Baltimore, the Board of Municipal and Zoning Appeals of the City of Baltimore, and Robert E. Smith, Director of the Office of Communications and Cable for the City of Baltimore. For ease of reference we refer to the defendants collectively as "the City."
 
 
 [2]
 The district court initially dismissed the complaint, reasoning that it should abstain from hearing Neufeld's claims. See Burford v. Sun Oil Co., 319 U.S. 315 (1943). On appeal, this court reversed the district court, finding that Burford abstention was inappropriate, and remanded for further proceedings. Neufeld v. City of Baltimore, 964 F.2d 347, 351 (4th Cir.1992)
 
 
 [3]
 The court granted Neufeld's motion for summary judgment on his claim that certain provisions governing the placement of satellite dishes enacted in Baltimore Ordinance 266 were preempted by an FCC regulation, 47 C.F.R. Sec. 25.104 (1994), because these provisions discriminated between satellite dishes and other types of antennas and did not amount to a reasonable limitation on the former. Neufeld, 863 F.Supp. at 259-60; Neufeld, 820 F.Supp. at 968-69. The City did not appeal from this ruling
 
 
 [4]
 Neufeld's affidavit establishes that a satellite dish could be located on other portions of his property, but he wished to avoid the cost of removing the trees that would be necessary. See City of Renton, 475 U.S. at 54 (Court rejected the argument that alternative avenues of communication were unavailable because the areas where adult theaters could locate under the zoning ordinance would prove economically unfeasible: " 'The inquiry for First Amendment purposes is not concerned with economic impact.' ") (quoting Young v. American Mini Theatres, Inc., 427 U.S. 50, 78 (1976) (Powell, J., concurring))
 
 
 [5]
 We conclude that our decision that the 30-foot front yard setback provision is a constitutional content-neutral, time, place, and manner restriction is dispositive of this appeal. Although some portions of his pleadings and brief are couched in broader terms, Neufeld has asserted emphatically that he seeks a declaration only that it was, and is, appropriate for him to place his satellite dish in the same location it was when he was ordered to remove it. Having held that the 30-foot front yard setback provision is constitutional, thereby resolving that the placement of Neufeld's satellite dish at that location was and is prohibited, we need not address his remaining claims that the requirement to obtain a conditional use permit for certain satellite dishes constitutes an unconstitutional prior restraint on protected speech, and that the differences in the way satellite dishes may be used by schools, motels, etc., as compared with single family dwellings violate the Equal Protection Clause. See Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 341 (1936) (Brandeis, J. concurring)